■ In the Matter of the Claim of MYRON ULRICH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible for unemployment benefits, for the period "February 1, through February 13, 1966" finding that he failed to comply with registration requirements. Claimant admits that he did not register his claim for unemployment insurance until February 17, 1966, at which time his claim was predated to February 14, 1966. Claimant's excuse for his failure to register is that he was waiting to receive a lump-sum check on his disability claim, and also because he did not feel capable of working. No circumstances have been shown that would constitute good cause for excusing claimant's failure to file for benefits. (Labor Law, § 590, subds. 1, 8; § 596; 12 NYCRR 473.1.) The reason for claimant's failure to file constituted a factual issue, and there is substantial evidence to substantiate the determination of the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

■ In the Matter of the Claim of MELVIN SIMON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Per Curiam. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause and forfeiting benefits for 20 effective days because of a willful misrepresentation to obtain benefits. (Labor Law, § 593, subd. 1, par. [a]; § 594.) The board found credible the evidence "that claimant voluntarily quit the job after he was given the choice of either working with a particular coworker or leaving the job" and properly held that his "inability to get along with a co-worker was a personal and noncompelling reason for leaving the job." The finding of claimant's willfully false statement was upon adequate evidence that he knew that he was not separated from the employment because of lack of work when he reported the reason thereof as "layoff, no work". Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Claim of BAHIA R. BHAVIAKHINMONTES, Appellant. SENNETT SECURITY BUREAU, INC., Respondent; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Appeal from a determination denying benefits to claimant on the ground that he voluntarily left his employment without good cause. The claimant, a security guard, quit his employment because he did not wish to work in Brooklyn. He further contended he was subject to harassment and in fear of his safety. The determination of these factual issues was the sole responsibility of the board and the record contains substantial evidence to support its findings. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur.