■ In the Matter of the Claim of JAMES L. LE PORTE, JR., Respondent. NEW YORK CITY DEPARTMENT OF PERSONNEL, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 1987.

Claimant was employed as 1 of 4 assistant executive directors in New York City's Financial Information Services Agency (hereinafter FISA) until he was discharged in mid-February 1986. Claimant subsequently applied for unemployment insurance benefits and the local office ruled that claimant was ineligible for benefits based on Labor Law § 565 (2) (e), which provides that benefits are not payable to persons who provide services for a governmental entity "in a major nontenured policymaking or advisory position". Claimant appealed and a hearing was subsequently held before an Administrative Law Judge who reversed the initial determination, finding that claimant had not been employed in a "major policymaking or advisory position", but that his job was instead "strictly administrative and managerial" in nature. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision and this appeal by the employer ensued.

On appeal, the employer contends that the Board erred in ruling that claimant was not employed in a "major nontenured policymaking or advisory position" within the meaning of Labor Law § 565 (2) (e). Since this issue presents a mixed question of law and fact, the Board's determination must be sustained if supported by a rational basis (see, Matter of Fisher [Levine], 36 NY2d 146, 150). Based on our review of the record, we are not persuaded that the Board's decision was irrational. There was evidence that claimant, as 1 of 4 assistant executive directors at FISA, had primary responsibility for "administrative services". Thus, claimant prepared the annual budget for the agency and was responsible for purchas-

ing goods and services for FISA. Claimant did not have final authority in these areas, however, as his actions had to be approved by the executive director. Claimant also developed and coordinated training programs, which provided instruction on various financial matters, for 800 to 1,000 New York City employees. Another area of responsibility for claimant was "facilities management", i.e., maintenance of FISA's physical plant, including office cleaning services, repairs, painting and construction, with a special emphasis on providing sufficient electrical power and air conditioning to keep FISA's computers functioning at all times.

Claimant testified that he was not involved in "policymaking" at FISA and that, instead, policy decisions were made by FISA's three-member board of directors. When asked whether his position was "advisory" in nature, claimant testified that his advice was occasionally solicited by the executive director, but that it was usually not taken. Thus, there was evidence in the record from which the Board could reasonably find that claimant did not function as a major policymaker or advisor at FISA.

The employer also contends that the Board's decision was inconsistent with its decisions in other similar cases and that the Board failed to provide a reason for this inconsistency *(see, Matter of Martin [Troy Publ. Co.—Roberts], 70 NY2d 679, 681; Matter of Health Related Nutrition Servs. [Roberts], 123 AD2d 466, 467).* However, the administrative decisions relied on by claimant *(Matter of Ensminger, Appeal No. 377, 612 [June 17, 1987]; Matter of Cooke, Appeal No. 294, 729 [Jan. 4, 1980]; Matter of Keller, Appeal No. 277, 373 [Mar. 13, 1979])* are all factually distinguishable from claimant's case. Thus, there has been no divergence from prior agency precedent in cases involving "essentially the same facts" *(Matter of Martin [Troy Publ. Co.—Roberts], supra, at 681; accord, Matter of Health Related Nutrition Servs. [Roberts], supra).*

Decision affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.