■ In the Matter of the Claim of PETER J. FRANCONERI, Appellant. NEW YORK CITY DEPARTMENT OF PERSONNEL, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 1991, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was employed in a major non-tenured policymaking or advisory position.

From June 5, 1989 to April 27, 1990, claimant was employed as an assistant commissioner in the New York City Department of Buildings. Although claimant had been notified that he was being terminated from this position effective June 1, 1990, he elected to resign on April 27, 1990 rather than face immediate dismissal for alleged misconduct. Claimant subsequently filed for unemployment insurance benefits on or about June 18, 1990. The local unemployment office ruled that claimant's employment with the Department of Buildings (hereinafter the employer) was covered employment but disqualified claimant from receiving benefits due to the alleged misconduct. The employer objected, contending that claimant was ineligible to receive benefits based upon Labor Law § 565 (2) (e), which excludes from the term employment "services rendered for a governmental entity by * * * a person in a

major nontenured policymaking or advisory position", and claimant appealed the initial determination insofar as it disqualified him from receiving benefits due to the alleged misconduct. A hearing was held before an Administrative Law Judge (hereinafter ALJ) who sustained the employer's objection and overruled the initial determination to that extent. As a result, the ALJ did not reach the issue of claimant's alleged misconduct. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and this appeal by claimant followed.

On appeal, claimant contends that the Board erred in ruling that he was employed in a "major nontenured policymaking or advisory position" within the meaning of Labor Law § 565 (2) (e). Because this issue presents a mixed question of law and fact, the Board's determination must be upheld if it has a rational basis *(see, Matter of Fisher [Levine],* 36 NY2d 146, 150).

Here, the record reveals that claimant was one of two assistant commissioners who reported directly to the deputy commissioner of the Department of Buildings. Claimant was in charge of the operations division and had approximately 800 people reporting to him. The deputy commissioner testified that claimant's role was to "make the day-to-day operations more effective, to deal with new issues as they came up, to streamline the functions, and to advise on any legislation that may be needed to assist the Department [of Buildings] in getting its job done". The deputy commissioner further testified that claimant performed a policymaking function as evidenced by claimant's issuance during his term of employment of 15 "policy and procedure" notices addressing various issues. Although the deputy commissioner had the "final say", these notices were issued under claimant's signature; each of the notices was admitted into evidence at the hearing. Also admitted into evidence was a document delineating claimant's duties and responsibilities as assistant commissioner. These duties included, *inter alia,* advising the deputy commissioner and commissioner on operational matters, formulating policies and procedures and issuing operational directives.

In light of the foregoing, we are of the view that there is evidence in the record from which the Board could rationally conclude that claimant did in fact function as a major policymaker or advisor in his role as assistant commissioner *(cf., Matter of Le Porte [New York City Dept. of Personnel—Hartnett],* 142 AD2d 866, *lv denied* 73 NY2d 705), and the Board's decision therefore cannot be disturbed. Although claimant

testified that he was not involved in any policymaking at the Department of Buildings and did not serve in an advisory capacity, this conflicting testimony merely presented a credibility issue for the Board to resolve *(see, Matter of Belai [Hartnett],* 168 AD2d 773).

Weiss, P. J., Mikoll, Yesawich and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.