■ In the Matter of the Claim of Brooke S. Elkan-Moore, Appellant. John F. Hudacs, as Commissioner of Labor, Respondent. [595 NYS2d 141] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant contends that she left her job of five years as the director of a museum because she was distressed over allegations made by the former president of the museum's Board of Trustees and was unhappy with the manner in which that situation was handled. Claimant also stated that she was continuously harassed by other staff members. Initially, we note that the museum's Board of Trustees had no control over any harassing telephone calls or letters allegedly made by other staff members. In any event, problems with co-workers do not constitute good cause for leaving one's employment *(see, Matter of Hogan [Schenectady Discount Corp.—Levine],* 50 AD2d 650; *Matter of Simon [Catherwood],* 26 AD2d 979).

We next find that, contrary to claimant's contentions, an investigation occurred where claimant was given the opportunity to respond to the former president's allegations and it was determined that all accusations were unfounded. In addition, the former president resigned after being told that some members of the Board of Trustees were dissatisfied with his handling of the situation involving claimant. Under its new leadership, the Board of Trustees was attempting to resolve the difficulties that had been created by its former president, which included using recommendations made by claimant. Claimant did not wait long enough to see if these changes would improve her work environment even though the Board of Trustees wanted to keep her as the museum's director. Under these circumstances, we find substantial evidence to support the determination that claimant left her employment as a result of general dissatisfaction with job conditions, thus disqualifying her from receiving unemployment insurance benefits *(see, Matter of Wigutow [Roberts],* 138 AD2d 817; *Matter of Rubinstein [Catherwood],* 33 AD2d 950; *see also, Matter of Squilla [Roberts],* 127 AD2d 949).

Weiss, P. J., Mikoll, Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.