■ In the Matter of the Claim of ALBERT C. TODARO, Appellant. STATE INSURANCE FUND, Respondent; COMMISSIONER OF LABOR, Respondent. [673 NYS2d 263] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 1997, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not file a valid original claim.

Claimant, a veteran, was discharged from his permanent, noncompetitive position as Director of Fiscal Management and Investments for the State Insurance Fund (hereinafter the employer) in April 1995. He subsequently applied for unemployment insurance benefits and, following a hearing, the Administrative Law Judge (hereinafter ALJ) ruled that he was eligible and awarded benefits. The employer appealed to the Unemployment Insurance Appeal Board, which determined that claimant was ineligible for benefits on the ground that he was employed in a nontenured policymaking position within the meaning of Labor Law § 565 (2) (e). The Board further rejected claimant's argument that he was entitled to the tenured status conferred upon certain veterans by Civil Service Law § 75 (1) (b), interpreting the statutory exception for "cashier[s]" to encompass claimant's position. Claimant appeals.

Initially, we reject claimant's argument that the employer's appeal from the ALJ's determination was untimely inasmuch as the employer filed its notice of appeal with the Board within 20 days after the determination was mailed (see, 12 NYCRR 463.1 [c]). As to claimant's next contention that the Board erred in finding that he was employed in a policymaking position, such a determination involves a mixed question of law and fact which must be upheld if supported by a rational basis (see, Matter of Franconeri [New York City Dept. of Personnel—Hudacs], 190 AD2d 970, 971). The record reveals that claimant supervised the daily activities of approximately 200 employees within the four divisions of his department. The director of the administration department testified at the hearing that claimant formulated policy and advised the deputy executive director regarding fiscal management and investments. Moreover, in connection with his primary role of managing the employer's $5 billion portfolio, claimant was given sole discretion to determine the nature and scope of investments. Although the employer's commissioners and the Superintendent of Insurance were required to ratify claimant's investment choices at monthly meetings, all but one of the investments were ap-

proved. Based upon this evidence, we conclude that the Board rationally determined that claimant performed a policymaking function within the meaning of Labor Law § 565 (2) (e) (see, Matter of Le Porte [New York City Dept. of Personnel—Hartnett], 142 AD2d 866, lv denied 73 NY2d 705).

Addressing claimant's final argument that the Board erred in interpreting the term "cashier", we note that we must sustain a statutory interpretation that is rational and reasonable (see, Matter of Goldman [Sweeney], 233 AD2d 664; Matter of Young [Rome Cable Corp.—Hudacs], 196 AD2d 937). Under the relevant statutory provision, certain veterans holding permanent government appointments enjoy tenured status and may only be discharged for incompetency or misconduct, except where the veteran holds the position of "private secretary, cashier or deputy of any official or department" (Civil Service Law § 75 [1] [b]). Here, the Board rationally interpreted the term "cashier" to mean "official[s] in charge of distributing and receiving money" inasmuch as that definition is consistent with prior interpretations (see, Matter of Rohr v Kenngott, 288 NY 97, 101) and, given that claimant was solely responsible for the employer's investments, bookkeeping, collections and other financial matters, the record supports the Board's determination that claimant was a cashier for purposes of denying unemployment insurance benefits.

Mikoll, J. P., Mercure, White and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.