■ In the Matter of the Claim of KAREN ODOCK, Appellant. INDEPENDENT LIVING, Respondent; COMMISSIONER OF LABOR,

Respondent. [678 NYS2d 799] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

On February 26, 1997, claimant, a resource advocate employed by a service for the disabled, walked off the job when her supervisor failed to take her side in a disagreement with a co-worker. Claimant did not report to work in the ensuing days but requested and received medical leave through March 3, 1997. Prior to that date, claimant's supervisor instructed her not to return to work until she spoke with the executive director upon his return from vacation on March 10, 1997. Claimant filed a claim for unemployment insurance benefits on March 4, 1997 and never contacted the executive director. Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. Neither dissatisfaction with one's supervisor (*see, Matter of Shenker [Sweeney]*, 244 AD2d 642) nor conflicts with co-workers (*see, Matter of Elkan-Moore [Hudacs]*, 191 AD2d 914) constitute good cause for leaving one's employment. Claimant's assertion that she did not resign but was fired created a credibility issue for the Board's resolution (*see, Matter of Toth [Sweeney]*, 244 AD2d 752). We have considered claimant's remaining arguments and conclude that they lack merit.

Crew III, J. P., White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.