■ In the Matter of the Claim of HOWARD A. FROMER, Appellant. COMMISSIONER OF LABOR, Respondent. [701 NYS2d 508] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1999, which ruled that claimant was not eligible to receive unemployment insurance benefits.

Claimant was employed as general counsel by the State Energy Office from October 1988 through March 31, 1995, when the agency was abolished and claimant's employment was terminated. The Unemployment Insurance Appeal Board ultimately ruled that claimant was ineligible for unemployment insurance benefits on the ground that his service in a major nontenured policymaking or advisory position was

statutorily excluded as employment for the purpose of qualifying for benefits (*see*, Labor Law § 565 [2] [e]). Claimant appeals, contending that the Board's decision is erroneous for two reasons.

Claimant first asserts that the exclusion in Labor Law § 565 (2) (e) should be construed as containing an exception where, as here, he was terminated as the result of the abolition of his position and not as the result of what claimant describes as the normal transition process. The statutory exclusion, however, focuses not on the reason for claimant's termination but solely on the nature of claimant's position in the governmental agency. The nature of claimant's position under Labor Law § 565 (2) (e) raises a mixed question of law and fact (*see*, *Matter of Franconeri [New York City Dept. of Personnel—Hudacs]*, 190 AD2d 970, 971). Implicit in the Board's decision is its conclusion that Labor Law § 565 (2) (e) does not include the abolition-of-position exception urged by claimant. This conclusion is neither irrational nor unreasonable in light of the absence of language in the statute to suggest that the Legislature intended any such exception to the exclusion established by Labor Law § 565 (2) (e). Inasmuch as the Board's statutory interpretation must be upheld where, as here, it is rational and reasonable (*see*, *Matter of Goldman [Sweeney]*, 233 AD2d 664), we reject claimant's first argument.

Claimant's second argument relies on Civil Service Law § 75 (1) (b) which "provides certain veterans with limited tenure" (*Matter of Oakley v New York State Crime Victims Bd.*, 245 AD2d 761). The Board concluded that the applicability of the Labor Law § 565 (2) (e) exclusion depends on "the status of the claimant's position under the law, rather than the claimant's personal qualifications", and thus refused to consider whether claimant, a veteran, was entitled to the benefit of the limited tenure afforded by Civil Service Law § 75 (1) (b). However, we are of the view that the nature or status of claimant's position—as nontenured within the meaning of Labor Law § 565 (2) (e)—cannot be determined without first determining whether claimant was entitled to the limited tenure afforded by Civil Service Law § 75 (1) (b) (*see*, *Matter of Todaro [State Ins. Fund—Commissioner of Labor]*, 250 AD2d 1017, 1018). The Board's refusal to consider the issue was incorrect and, therefore, irrational.

The Attorney General argues that there is a rational basis in the record to support the conclusion that, pursuant to the exceptions contained in Civil Service Law § 75 (1) (b), claimant

was not protected by a limited grant of tenure. The Board, however, did not base its decision on or reach such a conclusion and it is well settled that "judicial review of an administrative determination is limited to the grounds invoked by the agency" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758). Accordingly, the decision must be reversed and the matter remitted to the Board for its determination of claimant's entitlement to the limited tenure afforded by Civil Service Law § 75 (1) (b).

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.