■ In the Matter of the Claim of FRANK J. SOKOLOWSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [720 NYS2d 631] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2000, which, *inter alia*, reduced claimant's weekly unemployment insurance benefit rate.

Claimant worked for a steel company from January 1978 until mid-August 1999 when he was laid off as the result of a plant shutdown. The relevant union contract provided that, in the event of a plant shutdown, an employee could qualify for a pension when his or her age and years of service totaled 65 and that the employee could continue to accrue service credit for up to two years after being laid off as a result of the shutdown. When he was laid off, claimant was not eligible for the pension, but he subsequently met the age and years of service requirement and, effective April 1, 2000, he began receiving a pension financed entirely by the employer.

In the meantime, claimant filed a claim for and received unemployment insurance benefits of $357 per week, beginning in January 2000, the base period for unemployment insurance purposes having been established from October 1, 1998 through September 30, 1999. Based upon claimant's receipt of the pension, his weekly benefit was reduced to zero and he was charged with an overpayment for the benefits paid to him subsequent to April 1, 2000. Following a hearing, the initial determinations were sustained by the Administrative Law Judge (hereinafter ALJ), whose decision was affirmed by the Unemployment Insurance Appeal Board. Claimant appeals.

It is undisputed that the relevant statute is Labor Law § 600 (7) (a), which provides that "the benefit rate of a claimant who is receiving a * * * pension * * * shall be reduced * * * if such payment is made under a plan maintained or contributed to by his base period employer and * * * the claimant's employment with, or remuneration from, such employer after the beginning of the base period affected his eligibility for, or increased the amount of, such pension." The amount of claimant's pension was calculated on the basis of his years of service and the wages received during his five highest paid years of employment, a period which preceded his base

period for unemployment insurance purposes. Thus, claimant maintains that, because he would have continued to accrue service credit for up to two years even if he had been laid off prior to this base period, his employment during the base period did not affect his pension eligibility and did not increase the amount of his pension.

The ALJ, whose conclusions were adopted by the Board, concluded that claimant's continued accrual of service credit after he was laid off was "tantamount to employment under [the] Unemployment Insurance Law" and that, because the continued accrual occurred during the base period, claimant's pension was enhanced by this "employment" during the base period, thereby triggering the statutory reduction in benefits. As claimant points out, employment for unemployment insurance purposes is defined in terms of service (*see*, Labor Law § 511) and he performed no service after he was laid off.

The Commissioner of Labor concedes that employment contemplates services rendered and argues that, despite the ALJ's "remarks," the decision must be affirmed because claimant actually was employed to perform services during a portion of the base period prior to being laid off and, as a result thereof, was accruing service credit which enhanced his pension. The Board, however, did not base its decision on claimant's employment prior to being laid off and "it is well settled that 'judicial review of an administrative determination is limited to the grounds invoked by the agency' " (*Matter of Fromer [Commissioner of Labor]*, 268 AD2d 707, 709, quoting *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758). Claimant's continued accrual of service credit after being laid off, upon which the ALJ and the Board relied, did not justify a reduction in benefits pursuant to Labor Law § 600 (7) (a) and, therefore, the Board's decision must be reversed.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.