■ In the Matter of the Claim of LINDA R. ALASCIA, Appellant. MURRAY D. KUHR, Respondent; COMMISSIONER OF LABOR, Respondent. [721 NYS2d 427] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, an office assistant for a medical office, was granted a leave of absence on June 24, 1999 in order to attend to her father's funeral arrangements in Florida and was instructed to keep in touch with the employer regarding her return date. When claimant returned to New York and telephoned her supervisor on July 4, 1999, the supervisor admonished claimant regarding her failure to previously inform her when she was returning to work. An argument ensued during which claimant stated that she could no longer work for the employer and hung up the telephone. Claimant testified that she would have continued working if the supervisor had apologized. Under these circumstances, we conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause. Although claimant contends that she was forced to leave her job because she felt harassed and belittled, her complaints amount to an inability to get along with her supervisor, which generally does not constitute good cause for leaving employment (*see, Matter of Loria [Commissioner of Labor]*, 254 AD2d 676; *Matter of Toth [Sweeney]*, 244 AD2d 752; *Matter of Layton [Hudacs]*, 196 AD2d 943).

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.