■ In the Matter of the Claim of ZIAD EL NACHEF, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 818] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a sales associate in a Home Depot store where his work schedule usually enabled him to attend Muslim prayer services on Friday afternoons. In February 2000, however, a supervisor who was new to the store scheduled claimant to work on two consecutive Friday afternoons. When claimant objected that this scheduling would interfere with his religious observances, his schedule was modified so he would be free on Friday afternoons. Claimant nonetheless felt that the store's management was prejudiced against him as a practicing Muslim and wanted him to quit. When the employ-

er's district manager visited in March 2000, claimant expressed frustration regarding his low pay and the store's inadequate computer system. He then announced his resignation.

The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits as he had voluntarily left his employment without good cause. Substantial evidence supports the Board's decision. Although claimant testified that he was forced to resign due to the discriminatory policies of the store's management, the store manager testified that claimant's schedule had been modified to accommodate his religious practices. She further asserted that claimant was not pressured to resign and that continuing work was available to him at the time he left his employment.

An employee's general dissatisfaction with the workplace environment has been held not to constitute good cause for resignation (*see, Matter of Zietek [Commissioner of Labor]*, 269 AD2d 657; *Matter of Collins [Sweeney]*, 239 AD2d 758), as has the inability to get along with a supervisor (*see, Matter of Alascia [Kuhr—Commissioner of Labor]*, 281 AD2d 739; *Matter of Saglimbeni [Commissioner of Labor]*, 264 AD2d 933). While claimant's hearing testimony as to his reasons for leaving his employment was at variance with that given by the employer's witness, this conflict presented an issue of credibility for resolution by the Board (*see, Matter of Anthony [Commissioner of Labor]*, 257 AD2d 876, 877; *Matter of Odock [Independent Living—Commissioner of Labor]*, 254 AD2d 551, 552).

Mercure, J. P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.