■ In the Matter of the Claim of TAMARA M. PICKARD, Appellant. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 244] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

The record discloses that soon after the beginning of her work day, claimant went home without permission because she was upset by what she considered to be her employer's unduly harsh criticism of her during a heated exchange over a work-related matter. She then telephoned the employer from her home to advise that she would not return to work that day. When the employer demanded to know her access code to the office telephone system so that customers' voice mail messages could be retrieved in her absence, claimant equated this request with a demand for her resignation. Although the employer did not agree with her interpretation of the request, claimant resigned anyway, offering to work an additional two weeks to allow the employer time to find a replacement. The employer declined the offer of two weeks' notice and accepted claimant's resignation, effective immediately.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant left her employment under disqualifying circumstances. Criticism by a supervisor has been held not to constitute good cause for resigning, even in cases where the criticism is considered by the claimant to be unfair or unduly harsh (see, Matter of Alascia [Kuhr—Commissioner of Labor], 281 AD2d 739; Matter of Loria [Commissioner of Labor], 254 AD2d 676, 677). Any disparity between the parties' representations presented an is-

sue of credibility for resolution by the Board (*see, Matter of Toth [Sweeney]*, 244 AD2d 752, 753). The remaining contentions raised herein have been examined and found to be without merit.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.