■ In the Matter of the Claim of MERI MICARA, Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 302] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked part time as a receptionist for the employer ophthalmologist. She resigned due to her dissatisfaction with several aspects of her work environment, including her perception that the employer treated her in a rude and insensitive manner. Claimant also objected to the unsanitary conditions at the office, e.g., its poor ventilation, insect infestation, dim lighting and unreliable intercom system. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because the reasons for her resignation were personal and noncompelling.

Claimant appeals, initially contending that it was an abuse of discretion to reopen this matter following a determination in claimant's favor by the Administrative Law Judge after the employer failed to appear at an earlier scheduled hearing. We disagree. The employer offered a valid excuse for her nonappearance, i.e., the failure to receive notice (*see* 12 NYCRR 461.8; *see also Matter of Kline [Entenmann's—Sweeney]*, 239 AD2d 780, 781 [1997], *lv denied* 90 NY2d 807 [1997]).

We affirm the Board's decision finding that claimant left her

employment under disqualifying circumstances. A claimant's "inability to get along with a supervisor who is perceived as being unduly critical has been found not to constitute good cause for leaving employment" (*Matter of Grayson [Commissioner of Labor]*, 288 AD2d 599, 600 [2001]; *see Matter of Pickard [Commissioner of Labor]*, 296 AD2d 696 [2002], *lv denied* 98 NY2d 615 [2002]). Objections to the environmental conditions in the workplace will not suffice either unless the claimant can show reasonable grounds for the perception that his or her personal safety or health would be endangered thereby (*see Matter of Trzeciak [Adirondack Beverage Corp.—Commissioner of Labor]*, 298 AD2d 754, 755 [2002]). In the instant matter, claimant's objections to the environment provided by the employer appear to have been essentially aesthetic in nature. She has offered no medical evidence to support the conclusion that her mental or physical health would have been jeopardized by continuing her employment (*see id.* at 755). We conclude that substantial evidence supports the Board's decision ruling that claimant left her employment without good cause. To the extent that claimant's representations and that of the employer were in conflict, this presented an issue of credibility for resolution by the Board (*see Matter of Pickard [Commissioner of Labor]*, *supra* at 696-697).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.