■ In the Matter of the Claim of KRISTIN M. BICKERTON, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 462]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant was employed as a full-time administrative assistant for approximately five years, at which point she was permitted to work a part-time schedule due to a medical condition. Claimant was fired a few months later when, again citing health concerns, she was unable to comply with the employer's demand that she return to full-time status. Subsequently, when claimant was medically cleared to engage in full-time employment, the employer extended an offer to claimant to return to her full-time position. Claimant failed to respond because she did not consider it a bona fide job offer in light of the hostile work environment engendered by the inconsiderate way she had been treated.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant refused an offer of suitable employment without good cause (see Labor Law § 593 [2]). Claimant's excuse, that she was dissatisfied with the work environment and manner in which she was treated by the employer, has been held not to constitute good cause for rejecting employment (see Matter of Nachef [Commissioner of Labor], 288 AD2d 550, 551 [2001]; Matter of Collins [Sweeney], 239 AD2d 758, 759 [1997]). Furthermore, given claimant's failure to inform the unemployment insurance office of the employer's job offer, we find no reason to disturb the finding of willful false statements resulting in a recoverable overpayment of benefits (see Matter of Nappi [Commissioner of Labor], 260 AD2d 714 [1999]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.