■ In the Matter of the Claim of BRIDING NEWELL, Respondent. COUNTY OF NASSAU, Appellant; COMMISSIONER OF LABOR, Respondent. [779 NYS2d 287]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 27, 2003, which ruled that claimant was eligible to receive unemployment insurance benefits because she was not employed in a major nontenured policymaking or advisory position within the meaning of Labor Law § 565 (2) (e).

In 1998, claimant was appointed Acting Commissioner of Drug and Alcohol Addiction for Nassau County (hereinafter the employer). In 2000, the County Legislature confirmed her appointment as Commissioner. After claimant stopped working in that capacity in December 2001, she applied for unemployment insurance benefits. The Department of Labor found, among other things, that claimant was ineligible to file a valid original claim because her base period of employment entailed work "in

2. Copies of the minutes of some meetings were attached to the petition.

a major nontenured policymaking or advisory position," which was excluded under Labor Law § 565 (2) (e). Following a hearing, the Administrative Law Judge disagreed and found claimant eligible to receive benefits. The decision was upheld by the Unemployment Insurance Appeal Board, resulting in this appeal by the employer.

Because claimant rendered services for a governmental entity "in a major nontenured policymaking or advisory position" (Labor Law § 565 [2] [e]), we reverse. It is conceded that the employer is a governmental entity and claimant's position as its Commissioner of Drug and Alcohol Addiction was nontenured. The employer's charter delineated the powers and duties of the Department of Drug and Alcohol Addiction, presumably to be carried out by its Commissioner, which included "[d]evelop[ing] and administer[ing] effective policies and programs for the prevention, control and treatment of alcoholism and drug abuse and addiction, and . . . mak[ing] appropriate recommendations to the County Executive" and legislative body. This description attests to the policymaking and advisory nature of the position (*see Matter of Franconeri [New York City Dept. of Personnel—Hudacs]*, 190 AD2d 970, 971 [1993]). Because the position's duties are defined by the charter, claimant was bound by law to carry them out when she accepted the position as Commissioner of a 260-person department. Claimant's contention that she did not make any policy or offer any advice to the executive or Legislature begs the question. The charter defines the responsibilities of the individual rendering services in such a "position," and claimant's failure to discharge her job duties does not change the nature of the Commissioner position.

The charter required claimant to "make appropriate recommendations" on behalf of the department. Whether her recommendations were heeded is irrelevant; an advisor makes recommendations which may be followed or rejected by the ultimate decisionmaker (*cf. Matter of Le Porte [New York City Dept. of Personnel—Hartnett]*, 142 AD2d 866, 867 [1988], *lv denied* 73 NY2d 705 [1989]). It is likewise irrelevant that her decisions were subject to final approval by the County Executive (*compare Matter of Franconeri [New York City Dept. of Personnel—Hudacs], supra* at 971); to hold otherwise would limit the class of policymaking and advisory positions to only the highest level decisionmaker in each municipality. Based on the charter, claimant's position, as a matter of law, was a "policymaking or advisory position" encompassed by Labor Law § 565 (2) (e). Thus, the Board's determination to the contrary is irrational, and claimant was not entitled to unemployment insurance benefits.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.