■ In the Matter of the Claim of SARA B. EAMES, Respondent. ECOM WORKS, Appellant; COMMISSIONER OF LABOR, Respondent. [782 NYS2d 154]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 2003, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a Web site designer for a small Internet company from October 29, 2001 until July 15, 2002. On July 9, 2002, she became involved in a verbal confrontation with the company's president concerning the completion of a project. At a meeting the next day, the company's president reprimanded claimant for the manner in which she spoke to him. A few days later, she gave him two weeks' notice of her resignation. He responded by telling her to leave immediately. Her claim for unemployment insurance benefits was initially denied on the ground that she voluntarily left her employment without good cause, but this determination was later overruled by the Unemployment Insurance Appeal Board and claimant was awarded benefits. The employer appeals.

Under the circumstances presented, the Board's decision is not supported by substantial evidence. It is well settled that criticism by an employer, even if considered to be harsh, does not constitute good cause for leaving one's employment (see Matter of Altman [Commissioner of Labor], 3 AD3d 658, 659 [2004]; Matter of Hayes [Commissioner of Labor], 296 AD2d 762, 763 [2002]). Claimant tendered her resignation because she did not like the manner in which the company president spoke to her. The fact that he rejected her offer of two weeks' notice and accepted her resignation immediately does not convert the resignation into a discharge (see e.g. Matter of Pickard [Commissioner of Labor], 296 AD2d 696 [2002], lv denied 98 NY2d 615 [2002]; Matter of Chevres [Commissioner of Labor], 286 AD2d 799 [2001]). Therefore, the Board's decision must be reversed.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.