■ In the Matter of the Claim of EDWARD J. REIBLEIN, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 587]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 7, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant voluntarily left his employment as a banquet manager without good cause. Claimant's inability to work with his supervisor due to the supervisor's critical and demanding attitude does not constitute good cause for leaving employment (*see Matter of Fradys [Commissioner of Labor]*, 308 AD2d 672 [2003]; *Matter of Pickard [Commissioner of Labor]*, 296 AD2d 696 [2002], *lv denied* 98 NY2d 615 [2002]; *Matter of Alascia [Kuhr—Commissioner of Labor]*, 281 AD2d 739 [2001]). Although claimant testified that his supervisor's daily intoxication jeopardized his own substance abuse recovery, claimant also admitted that he would have continued his employment if the supervisor's demeanor had been more pleasant. Under these circumstances, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.