■ In the Matter of the Claim of BERNARD D. SHAPIRO, Appellant. INCORPORATED VILLAGE OF MUTTONTOWN, Respondent; COMMISSIONER OF LABOR, Respondent. [863 NYS2d 91]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 2007, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was employed in a major nontenured policymaking or advisory position within the meaning of Labor Law § 565 (2) (e).

Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was ineligible to receive unemployment insurance benefits. The record reveals that claimant worked for the Incorporated Village of Muttontown as the Village Administrator. It is not disputed that the employer is a governmental entity and that claimant's position was untenured. Moreover, the powers and duties of the position of Village Administrator were delineated by Local Law No. 1 (2005) of the Village of Muttontown, which included provisions establishing advisory and policymaking aspects of the job. Given the foregoing, the Board properly determined that Labor Law § 565 (2) (e) precluded claimant from obtaining benefits (see Matter of Newell [County of Nassau—Commissioner of Labor], 9 AD3d 559, 560 [2004], lv denied 3 NY3d 610 [2004]). Accordingly, we decline to disturb the Board's decision.

Mercure, J.P., Peters, Spain, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.