■ In the Matter of the Claim of RAYMOND A. PERRICONE, Appellant. COMMISSIONER OF LABOR, Respondent. [923 NYS2d 793]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 8, 2010, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.

Claimant filed a valid original claim for unemployment insurance benefits effective April 20, 2009. On April 30, 2009, claimant's former employer offered him a position that was substantially similar to his previous employment at the same rate of pay. Claimant declined and continued to certify for unemployment benefits without reporting to the Department of Labor that he had refused an offer of employment. Thereafter, the Department found that claimant was disqualified from receiving benefits beginning on April 30, 2009 on the basis that he refused an offer of suitable employment without good cause, assessed a recoverable overpayment of $1,117.75 and reduced claimant's right to receive future benefits by eight effective days for having made a willful false statement. Ultimately, the Unemployment Insurance Appeal Board upheld that determination and claimant now appeals.

We affirm. A claimant will be disqualified from receiving unemployment insurance benefits following the refusal to accept an offer of employment for which he or she is reasonably suited by training and expertise (*see* Labor Law § 593 [2]; *Matter of Ruiz [Commissioner of Labor]*, 70 AD3d 1098, 1098-1099 [2010]; *Matter of Scuderi [Commissioner of Labor]*, 40 AD3d 1234, 1234-1235 [2007]). Here, claimant's purported reason for rejecting the job offer was a lack of trust, premised on the employer's history of making late child support payments on behalf of claimant. However, there is no evidence in the record that the late support payments ever caused claimant to incur late fees or fall into arrears, and the employer testified that claimant never informed him that the late payments were problematic. Claimant's unsubstantiated claims to the contrary raised an issue of credibility to be resolved by the Board (*see Matter of Green [Village of Hempstead—Commissioner of Labor]*, 80 AD3d 954, 955 [2011]; *Matter of Lumbrazo [Environmental*

*Remediation Servs., Inc.—Commissioner of Labor]*, 79 AD3d 1500, 1500 [2010]). As such, we find the Board's determination to be supported by substantial evidence. Additionally, claimant's admitted failure to disclose that he declined the job offer supports the Board's determination that he made a willful false statement to obtain benefits (*see Matter of Scuderi [Commissioner of Labor]*, 40 AD3d at 1235; *Matter of Rogers [Commissioner of Labor]*, 38 AD3d 1117, 1118 [2007]).

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.