■ In the Matter of the Claim of DANIEL L. BRIGGS, Appellant. COMMISSIONER OF LABOR, Respondent. [935 NYS2d 692]—

Peters, J.P.

Claimant was appointed the County Manager for Sullivan County (hereinafter the employer) in September 2000. After claimant's employment was terminated in 2005 by a majority vote of the County Legislature, he filed a claim for unemploy-

ment insurance benefits. The Department of Labor issued an initial determination finding that claimant was not eligible to receive benefits on the basis that he could not file a valid original claim. Following a hearing at which the employer was not represented, an Administrative Law Judge (hereinafter ALJ) issued a decision in September 2006 reversing the initial determination and finding claimant eligible to receive benefits. The employer, through its unemployment insurance administrator, thereafter applied to reopen and, after a series of hearings, the ALJ issued another decision in March 2008 that found claimant ineligible to receive benefits. That determination was affirmed by the Unemployment Insurance Appeal Board and claimant now appeals.

We affirm. Initially, we reject claimant's contention that the ALJ erred in granting the employer's request to reopen. That decision is committed to the sound discretion of the ALJ and will not be disturbed absent an abuse of discretion (*see* 12 NYCRR 461.8; *Matter of Scaccia [Commissioner of Labor]*, 86 AD3d 890, 891 [2011]; *Matter of Micara [Commissioner of Labor]*, 307 AD2d 568, 568 [2003]). Here, the record demonstrates that the notice of hearing was sent to the employer, rather than its designated unemployment insurance administrator. By the time the notice was received by the administrator, it was unable to secure an attorney to attend the hearing. Inasmuch as the employer was entitled to representation at the hearing, it demonstrated a reasonable excuse for its inability to proceed (*see* 12 NYCRR 461.4 [c]; *see generally Matter of Green [Village of Hempstead—Commissioner of Labor]*, 80 AD3d 954, 954-955 [2011]; *Matter of Monaghan [Commissioner of Labor]*, 16 AD3d 751, 752 [2005]). Notably, claimant's previous application to reopen based upon his inability to secure representation had been granted.

Turning to the merits, a claimant is ineligible to file a claim for unemployment insurance benefits when he or she is employed by a governmental entity in a "major nontenured policymaking or advisory position" (Labor Law § 565 [2] [e]; *see Matter of Franconeri [New York City Dept. of Personnel—Hudacs]*, 190 AD2d 970, 971 [1993]). Here, the scope of claimant's duties as County Manager was delineated in both the Sullivan County Code and the Administrative Code and included appointing and supervising department heads, developing policy and procedural recommendations for the County Legislature, performing advisory oversight of the County Auditor and preparing the operating and capital budgets for the employer. As such, the Board's determination that claimant was ineligible

to receive benefits was supported by a rational basis (*see Matter of Shapiro [Incorporated Vil. of Muttontown—Commissioner of Labor]*, 52 AD3d 1139, 1139 [2008]; *Matter of Richman [Commissioner of Labor]*, 254 AD2d 673, 674 [1998]; *Matter of Franconeri [New York City Dept. of Personnel—Hudacs]*, 190 AD2d at 971; *compare Matter of Newell [County of Nassau—Commissioner of Labor]*, 9 AD3d 559, 560 [2004], *lv denied* 3 NY3d 610 [2004]).

Finally, the ALJ did not err in denying claimant a requested witness. Inasmuch as it was established through documentary evidence that the employer had designated the third-party administrator as its agent for unemployment insurance matters, the requested testimony would have been cumulative (*see Matter of Lombard [SOH Distrib. Co., Inc.—Commissioner of Labor]*, 52 AD3d 981, 981-982 [2008]; *Matter of Gramonte [Inor Dental, P.C.—Commissioner of Labor]*, 46 AD3d 997, 998 [2007]).

We have examined claimant's remaining contentions and find them unavailing.

Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.