██ In the Matter of the Claim of KENNETH N. NIEDERT, Appellant. COMMISSIONER OF LABOR, Respondent. [951 NYS2d 244]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 12, 2011, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.

From January 10, 2006 through March 2, 2010, claimant worked as a full-time security guard for the employer at a salary of $9.50 per hour before he was laid off because the employer lost a contract with the company where claimant had been assigned. Claimant thereafter filed a valid original claim for unemployment insurance benefits effective March 1, 2010. In a letter to claimant dated June 2, 2010, the employer offered claimant a new assignment as a full-time security guard for $14.74 per hour at a different work site. Although the letter indicated that claimant needed to reply to the offer within 15 days from the letter's date, claimant did not respond and continued to certify for benefits without reporting that he had refused an offer of employment. Thereafter, by initial determinations, he was found to be disqualified from receiving benefits because he refused an offer of suitable employment without good cause and he was charged with a recoverable overpayment of benefits. His right to receive future benefits was also reduced by eight effective days on the basis that he made a willful mis-

representation to obtain benefits. Ultimately, the Unemployment Insurance Appeal Board upheld the initial determinations and claimant now appeals.

We affirm. A claimant may be disqualified from receiving unemployment insurance benefits in circumstances where there is a "refusal to accept an offer of employment for which he or she is reasonably suited by training and expertise" (*Matter of Perricone [Commissioner of Labor]*, 84 AD3d 1671, 1671 [2011]). Here, there is substantial evidence in the record supporting the Board's decision (*see Matter of Ruiz [Commissioner of Labor]*, 70 AD3d 1098, 1099 [2010]). Although claimant maintains that he had physical limitations which justified his refusal of the job offer, we find no basis to disturb the Board's rejection of that reason in light of claimant's belated claim to that effect at the hearing and his failure to offer credible supporting proof. Moreover, as noted by the Board, since claimant did not even respond to the employer's employment offer, he had no way of knowing what the job entailed or how strenuous it might be.

Finally, "given claimant's failure to inform the unemployment insurance office of the employer's job offer, we find no reason to disturb the finding of willful false statements resulting in a recoverable overpayment of benefits" (*Matter of Bickerton [Commissioner of Labor]*, 6 AD3d 905, 905 [2004]; *see Matter of Southern-Penn [Commissioner of Labor]*, 83 AD3d 1318, 1319 [2011]).

Peters, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.