■ In the Matter of the Claim of JYLL D. TOWNES, Appellant. COMMISSIONER OF LABOR, Respondent. [979 NYS2d 722]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 2012, which ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to file a valid original claim.

Claimant held the nontenured position of Deputy Commissioner for Regional Affairs in the Executive Department of the Division of Human Rights from November 2008 until September 2011. She was appointed to this position by the Governor. After

her appointment ended, she applied for unemployment insurance benefits. The Department of Labor issued an initial determination denying her claim on the basis that, pursuant to Labor Law § 565 (2) (e), she held a major nontenured policymaking or advisory position while employed by the Division that could not be used as base period employment for purposes of establishing a valid original claim. Claimant appealed and the determination was overruled by an Administrative Law Judge following a hearing. On appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board sustained the initial determination and ruled that claimant was not eligible to receive benefits. Claimant now appeals.

We affirm. Labor Law § 527 (1) sets forth the qualifications that a claimant must meet in order to file a valid original claim entitling him or her to receive unemployment insurance benefits. Among them are that the claimant must be "paid remuneration by employers liable for contributions . . . for employment during at least two calendar quarters of the base period" (Labor Law § 527 [1] [d]). For purposes of the foregoing, Labor Law § 565 (2) (e) provides that "the term 'employment' does not include services rendered for a governmental entity by: . . . a person in a major nontenured policymaking or advisory position." It is undisputed that claimant was employed by the Division during the applicable base period. The controverted issue is whether the above exclusion applies.

Evidence was presented at the hearing that, in her capacity as Deputy Commissioner for Regional Affairs, claimant was in charge of 11 regional offices statewide and supervised 70 employees. She was responsible for, among other things, coordinating the timely and efficient processing of discrimination complaints among the various offices, ensuring compliance with agency policies and federal directives, and acting as a liaison with community-based organizations. According to the performance standards applicable to this position, claimant was expected to "formulate, recommend and implement policies and procedures to improve case processing and activities at the regional level." In accordance therewith, she recommended changing the form used to process complaints to alleviate the backload of cases awaiting processing and this change was adopted by the Division. In addition, she regularly conferred with the Commissioner for Regional Affairs and other top officials at the Division to address and resolve problems facing her offices as well as the other departments within the Division. In view of the foregoing, there is a rational basis for the Board's finding that claimant held a "major nontenured policymaking or advisory position"

(Labor Law § 565 [2] [e]) such that her employment with the Division could not be used as base period employment for purposes of establishing a valid original claim (*see Matter of Briggs [Commissioner of Labor]*, 90 AD3d 1349, 1350-1351 [2011]; *Matter of Newell [County of Nassau—Commissioner of Labor]*, 9 AD3d 559, 560 [2004], *lv denied* 3 NY3d 610 [2004]). We have considered claimant's remaining contentions and find them to be unavailing.

Stein, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.