*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    518408
_____

In the Matter of the Claim of
    JULIAN R. BIRNBAUM,
                        Appellant.
                                          MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

    Julian R. Birnbaum, New York City, appellant pro se.

    Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for respondent.

_____

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 25, 2013, which ruled that claimant was
ineligible to receive unemployment insurance benefits because he
was employed in a major nontenured policymaking or advisory
position within the meaning of Labor Law § 565 (2) (e).

    Claimant worked for the Division of Human Rights
(hereinafter DHR) as the Deputy Commissioner for Division
Initiated Investigations and Complaints.  This was a nontenured
position classified as management/confidential.  Claimant served
at the discretion of the Commissioner of Human Rights as well as
the Governor.  When his employment ended, he applied for
unemployment insurance benefits.  The Department of Labor issued
an initial determination finding that claimant was not entitled
to receive benefits because his base period employment was in a
major nontenured policymaking or advisory position that was
excluded under Labor Law § 565 (2) (e).  Following a hearing, an

Administrative Law Judge (hereinafter ALJ) overruled the initial determination and found that claimant was entitled to receive benefits. On appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board rescinded the ALJ's decision and remanded the matter for another hearing to further develop the record. Following the additional hearing, the ALJ agreed with the Department and sustained the initial determination. The Board upheld this decision and claimant now appeals.

For purposes of determining a claimant's eligibility for unemployment insurance benefits, Labor Law § 565 (2) (e) excludes from employment "services rendered for a governmental entity by . . . a person in a major nontenured policymaking or advisory position." Whether this exclusion applies presents a mixed question of law and fact, and the Board's determination in this regard will be upheld if it has a rational basis (see Matter of Franconeri [New York City Dept. of Personnel—Hudacs], 190 AD2d 970, 971 [1993]; Matter of Le Porte [New York City Dept. of Personnel—Hartnett], 142 AD2d 866, 866 [1988], lv denied 73 NY2d 705 [1989]).

Here, claimant's position had three primary functions: (1) to investigate patterns of discrimination involving violations of the Human Rights Law appropriate for filing an administrative complaint by DHR, (2) to oversee the prosecution of complaints brought on behalf of individuals, and (3) to evaluate DHR's issuance of exemptions for certain housing providers. In addition, claimant was a member of the stimulus oversight team responsible for ensuring that stimulus funds were distributed in a nondiscriminatory manner. In performing his duties, claimant reported directly to the Commissioner of Human Rights, had meetings with the Commissioner on a variety of matters and made recommendations on the implementation of agency policies. In addition, he represented the DHR in its dealings with other agencies while a member of the stimulus oversight team and devised a system for gathering accurate information concerning expenditures made in connection therewith. Although claimant did not independently establish agency policy, he was involved in the process and his advice was solicited by the Commissioner. Under these circumstances, there is a rational basis for the Board's decision that claimant held a major nontenured policymaking or

advisory position excluded under Labor Law § 565 (2) (e) (see Matter of Townes [Commissioner of Labor], 114 AD3d 989, 990 [2014]; Matter of Briggs [Commissioner of Labor], 90 AD3d 1349, 1350 [2011]; Matter of Newell [County of Nassau—Commissioner of Labor], 9 AD3d 559, 560 [2004], lv denied 3 NY3d 610 [2004]). Therefore, we find no reason to disturb it.

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court