■ In the Matter of the Claim of Victor Clemons, Claimant. Village of Freeport, Appellant; Commissioner of Labor, Respondent. (Claim No. 1.) In the Matter of the Claim of Keith Rigby, Claimant. Village of Freeport, Appellant; Commissioner of Labor, Respondent. (Claim No. 2) [55 NYS3d 527]—

Egan Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 14, 2015, which ruled, among other things, that claimants were eligible to receive unemployment insurance benefits because they were employed within the meaning of Labor Law § 565 (2) (d).

In October 2012, the Village of Freeport, Nassau County, sustained extensive damage as a result of Hurricane Sandy and was declared a major disaster by federal, state and local governments. Thereafter, the Village (hereinafter the employer) received federal funding to assist it with clean-up and restoration efforts, and, in September 2013, the employer hired claimants as temporary laborers to help with these efforts. After their employment came to an end in February 2014, claimants filed applications for unemployment insurance benefits, and, over the employer's objection, the Department of Labor issued initial determinations finding that the wages paid to claimants were not excluded under Labor Law § 565 (2) (d) and, therefore, that claimants were entitled to receive unemployment insurance benefits. Following a hearing, an Administrative Law Judge overruled the Department's initial determinations. Upon administrative review, the Unemployment Insurance Appeal Board disagreed and sustained the Department's initial determinations. The employer now appeals.

We affirm. For purposes of determining a claimant's eligibility for unemployment insurance benefits, Labor Law § 565 (2) (d) provides that "the term 'employment' does not include services rendered for a governmental entity by . . . a person serving on a temporary basis in case of fire, storm, snow, earthquake, flood or similar emergency" (cf. Matter of Birnbaum [Commissioner of Labor], 122 AD3d 1039, 1040 [2014]; Matter of Briggs [Commissioner of Labor], 90 AD3d 1349, 1350 [2011]). "Whether this exclusion applies presents a mixed question of

law and fact, and the Board's determination in this regard will be upheld if it has a rational basis" (*Matter of Birnbaum [Commissioner of Labor]*, 122 AD3d at 1040, citing *Matter of Franconeri [New York City Dept. of Personnel—Hudacs]*, 190 AD2d 970, 971 [1993]; *Matter of Le Porte [New York City Dept. of Personnel—Hartnett]*, 142 AD2d 866, 866 [1988], *lv denied* 73 NY2d 705 [1989]). While it is not disputed that claimants were hired on a temporary basis because of the damage caused by the hurricane, the controverted issue is whether the cited exclusion applies and, more specifically, whether the services provided by claimants were performed "in case of . . . [an] emergency" (Labor Law § 565 [2] [d]).

The record evidence reflects that claimants, who were hired on a temporary basis using federal grant money received as a result of the damage caused by the hurricane, performed routine maintenance duties, including cutting grass, raking leaves, shoveling snow, driving trucks and cleaning municipal parking lots. In determining that the services performed by claimants were related to the hurricane clean-up efforts but "not performed in case of an emergency," the Board noted that claimants were hired almost a year after the hurricane and at a time when "there was no need for immediate action." The Board also relied upon a Program Letter issued by the United States Department of Labor (hereinafter DOL) that provided the DOL's interpretation of the exclusion from unemployment insurance coverage of governmental services performed in case of emergency (*see* US Dept of Labor Directive, Unemployment Insurance Program Letter No. 22-97 [Apr. 14, 1997]; *see also* 62 Fed Reg 19813 [Apr. 23, 1997]). That Program Letter provides that "the urgent distress caused by the emergency . . . must directly cause the need for the services to be performed" and that, if the services performed occur "after the need for immediate action has passed, they are not necessarily performed in case of emergency" (US Dept of Labor Directive, Unemployment Insurance Program Letter No. 22-97 [Apr. 14, 1997] [internal quotation marks and ellipsis omitted]). Given the Board's reliance upon the DOL's Program Letter, as well as the non-exigent, routine nature of the services provided by claimants, who were hired by the employer nearly a year after the hurricane, there is a rational basis for the Board's decision that the exclusion did not apply and that the services performed by claimants "were in covered employment." Accordingly, we find no reason to disturb the decisions of the Board (*cf. Matter of Birnbaum [Commissioner of Labor]*, 122 AD3d at 1040-1041; *Matter of Townes [Commissioner of Labor]*, 114 AD3d 989, 990-991 [2014]). In light of our determination, it is unnecessary to

address the employer's remaining contention that the Department imposed an arbitrary cutoff date after which the exemption in Labor Law § 565 (2) (d) would no longer apply.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.