■ In the Matter of the Claim of CARLTON A. WILLIAMS, Appellant. NEW YORK CITY GENERAL SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent. [681 NYS2d 642] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 13, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a real property manager when he accepted the employer's offer of an early retirement package in lieu of proceeding with a scheduled disciplinary hearing and defending himself against several charges of misconduct. The record indicates that claimant was advised by the conferencing Judge at a prehearing conference that if he decided to go forward with the hearing and the Administrative Law Judge ruled against him, he would be discharged from his employment and would lose the employer's contributions to his pension. Rather than take this chance, claimant chose to resign. The Unemployment Insurance Appeal Board ruled that claimant voluntarily left his job without good cause.

We find substantial evidence in the record to support the Board's decision. Neither resigning in anticipation of discharge nor voluntarily separating from one's employment in order to accept an early retirement incentive package when continuing work is available have been held to constitute good cause for leaving employment (*see, Matter of Jaworski [Commissioner of Labor]*, 249 AD2d 869; *Matter of Rugelis [Pfaudler Co.—*

*Sweeney]*, 248 AD2d 784, 785). To the extent that claimant's version of the events which precipitated his departure differed from that of the employer, this conflict presented a credibility issue for the Board to resolve (*see, Matter of Rulka [Commissioner of Labor]*, 249 AD2d 876).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.