■ In the Matter of the Claim of MILENA HANUKOV, Appellant. COMMISSIONER OF LABOR, Respondent. [687 NYS2d 469] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 11, 1997 and August 24, 1998, which, *inter alia*, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant challenges the Unemployment Insurance Appeal Board's conclusion that she voluntarily left her position at a pharmacy without good cause after she quit because the employer could no longer accommodate her requests that her work schedule be arranged around her school schedule. Notably, this Court has held that "voluntarily leaving employment for the purpose of attending school does not constitute good cause under the Labor Law" (*Matter of Carapella [Commis-*

*sioner of Labor]*, 255 AD2d 676; *see, Matter of Kucich [Hudacs]*, 204 AD2d 929) and neither does "dissatisfaction with one's work schedule" (*Matter of Borlang [B & M Sports—Commissioner of Labor]*, 254 AD2d 632). Under the circumstances, we conclude that substantial evidence supports the Board's assessment of credibility and the inferences drawn from the evidence presented (*see, Matter of Falco [Sweeney]*, 246 AD2d 711, *lv denied* 92 NY2d 815).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.