■ In the Matter of the Claim of ROBERT VASTA, Appellant. COMMISSIONER OF LABOR, Respondent. [702 NYS2d 661] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant made willfully false statements to obtain benefits.

Following a hearing, an Administrative Law Judge found that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed and charged him with a recoverable overpayment of benefits. However, the Administrative Law Judge overruled the determination of the local unemployment office finding that claimant made a willful false statement in order to obtain benefits and charged him with a forfeiture penalty of eight effective days. The Commissioner of Labor appealed the latter ruling and the Unemployment Insurance Appeal Board concluded that claimant had made a willful false statement in order to obtain benefits, prompting this appeal by claimant.

We affirm. "Willful", as employed in Labor Law § 594, "does not imply a criminal intent to defraud but means knowingly, intentionally or deliberately making a false statement" (*Matter of Forbes [Hudacs]*, 181 AD2d 956; *see, Matter of Marinelli [Hudacs]*, 195 AD2d 741). Here, the Board found, *inter alia*, that claimant made a willful false statement when he answered "no" to a question on the application inquiring if he was receiving "any continuation of salary with fringe benefits" in light of the fact that claimant was receiving his full salary based upon his accumulated sick leave. Although the Board acknowledged that claimant may have been misinformed by an employee at the local unemployment insurance office with respect to the issue of whether a claimant could collect unemployment insurance benefits while on sick leave, the Board rationally found that this circumstance would not explain why claimant would answer the subject question in the negative when he knew he was receiving his full salary. Under the circumstances, we conclude that there is substantial evidence in the record to support the Board's decision (*see, Matter of Le Pore [Sweeney]*, 248 AD2d 783).

Cardona, P. J., Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.