■ In the Matter of the Claim of ROBERT VERSTEEG, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 227] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 2000, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant left his employment as a group fitness instructor for a fitness center chain because he was relocating to Maine in order to attend school. Although claimant asked his supervisor about transferring to one of the same fitness chains in the Boston area, no answer was forthcoming and he failed to follow up on his request. Inasmuch as it has been held that leaving employment for the purpose of attending school does not constitute good cause under the Labor Law, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving unemployment insurance benefits (*see, Matter of Hanukov [Commissioner of Labor]*, 260 AD2d 684). Furthermore, in light of the substantial evidence in the record that claimant willfully misrepresented that his employment ended due to lack of work on his application for unemployment insurance benefits, we find no reason to disturb the Board's determination of a recoverable overpayment of benefits (*see, Matter of Graver [Hartnett]*, 176 AD2d 412).

Mercure, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.