■ In the Matter of the Claim of JOETTE SHERMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [729 NYS2d 202] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant resigned from her employment as a bartender because her employer would not accommodate her request that her work schedule be arranged around her school schedule. Claimant challenges a decision of the Unemployment Insurance Appeal Board ruling that she was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. We affirm. "Resignation from a job because it conflicts with school has been characterized as leaving employment for personal and noncompelling reasons" (*Matter of Ganim [Kamerman & Soniker—Sweeney]*, 241 AD2d 742, 742 [citation omitted]; *see, Matter of Hanukov [Commissioner of Labor]*, 260 AD2d 684). Under the circumstances, we find no reason to disturb the Board's assessment of credibility and the inferences drawn from the evidence presented (*see, Matter of Olawale [Commissioner of Labor]*, 254 AD2d 552). Accordingly, we conclude that substantial evidence supports the finding that claimant voluntarily left her employment without good cause.

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.