■ In the Matter of the Claim of DAVID A. HUNT, Appellant. COMMISSIONER OF LABOR, Respondent. [730 NYS2d 368] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 2000, which ruled, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed full time as a truck driver from September 1998 until December 1999. In October 1999, claimant informed his employer that he no longer wished to work full time and requested that the employer place an ad in the newspaper to find a replacement for him. A replacement was subsequently found and claimant left his employment on December 4, 1999. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Continuing work was available to claimant and his dissatisfaction with his hours did not constitute good cause for resigning (*see, Matter of Anthony [Commissioner of Labor],* 257 AD2d 876; *Matter of Borlang [B & M Sports—Commissioner of Labor],* 254 AD2d 632). Claimant's assertion that he was fired created a credibility issue for resolution by the Board (*see, Matter of Saglimbeni [Commissioner of Labor],* 264 AD2d 933; *Matter of Anthony [Commissioner of Labor], supra*). Moreover, we find no reason to disturb the Board's finding that claimant made a willful false statement to obtain unemployment insurance benefits (*see, Matter of Epps [Commissioner of Labor],* 276

AD2d 997). We have examined claimant's remaining contentions and find them to be lacking in merit.

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.