■ In the Matter of the Claim of DAVID W. BURMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 812] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a delivery truck driver when he demanded a raise of $50 per week. The employer informed claimant that his demand could not be met but that he would be given a raise of $25 per week. Claimant rejected this offer and immediately quit his employment. He subsequently applied for unemployment insurance benefits stating on the application that he had been fired from his job. The Unemployment Insurance Appeal Board subsequently ruled that claimant had left his employment without good cause. The Board fur-

ther charged claimant with a recoverable overpayment and assessed the loss of benefit days based upon its finding that claimant had made a willful false statement to obtain benefits.

Substantial evidence supports the Board's determination that claimant lost his employment under disqualifying circumstances. Dissatisfaction with the amount of one's salary has been held not to constitute good cause for resigning from employment (*see, Matter of Naughton [Sweeney]*, 242 AD2d 812; *Matter of Pappas [Sweeney]*, 236 AD2d 727). Substantial evidence further supports the Board's finding of a willful false statement to obtain benefits. Claimant's testimony at the administrative hearing contradicted his prior representation that he was fired as did the testimony of the employer who averred that claimant had affirmatively resigned from his position after his initial demand for a raise was denied (*see, Matter of Kerrs [Commissioner of Labor]*, 275 AD2d 530).

Cardona, P. J., Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.