In the Matter of the Claim of ANNE BRYDON, Appellant. COMMISSIONER OF LABOR, Respondent. [747 NYS2d 597]

Claimant was employed as a flight attendant for Trans World Airlines, Inc. from 1962 until her resignation, effective December 31, 2000. The decision to leave her employment was motivated by claimant's concern that the employer might file for bankruptcy, thereby jeopardizing the solvency of her pension fund. In addition, she had been notified that administration of her pension fund had been taken over by a federal agency that insures private pension plans and that, after the year 2000, the option of collecting pension benefits in a lump

sum would no longer be available. Claimant chose to resign from her job in order to exercise the lump-sum option, resulting in her receipt of over $200,000. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. As substantial evidence supports this decision, it will not be disturbed.

This Court has held that a claimant who leaves employment while continuing work is available in order to obtain advantageous retirement benefits may be disqualified from receiving unemployment insurance payments on the ground that the resignation was for personal and noncompelling reasons (*see Matter of Biedka [Hudacs],* 196 AD2d 944; *see also Matter of Pullano [Commissioner of Labor],* 294 AD2d 747; *Matter of Salerno [Commissioner of Labor],* 279 AD2d 935). As it is uncontested that claimant resigned in order to collect her pension benefits in a lump sum at a time when continuing work was available, we conclude that substantial evidence supports the Board's finding that claimant left her employment under disqualifying circumstances. The remaining contentions raised herein have been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.