█ In the Matter of the Claim of GEORGE R. CUTTITTO, Appellant. COMMISSIONER OF LABOR, Respondent. [755 NYS2d 321] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 7, 2002, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a heating oil delivery person when he applied for a pension from his union. As claimant would be precluded from performing a union job after his pension benefits had begun, the union notified his employer of his proposed retirement and he was removed from its work schedule at a time when continuing work was available. When

claimant's anticipated pension benefits were not immediately forthcoming (apparently because the employer's contributions to the union's pension fund were in arrears), he applied for and received unemployment insurance benefits based upon his representation that he had been laid off by the employer. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause, charging him with a recoverable overpayment on the ground that he had made a willful misrepresentation in order to obtain benefits.

A claimant who leaves employment while continuing work is available in order to obtain retirement benefits may be disqualified from receiving unemployment insurance payments on the ground that the resignation was for personal and noncompelling reasons (*see Matter of Brydon [Commissioner of Labor]*, 297 AD2d 853, 854 [2002]). Here, substantial evidence in the record supports the Board's decision finding that claimant left his employment for the purpose of receiving retirement benefits and that his subsequent assertion that he was laid off from his employment constituted a willful misrepresentation to obtain benefits, rendering them recoverable (*see Matter of Burman [Commissioner of Labor]*, 288 AD2d 539 [2001]; *Matter of Sicurella [Commissioner of Labor]*, 265 AD2d 778, 779 [1999]). To the extent that claimant's version of the events which precipitated the end of his employment was at variance with that of the employer, this discrepancy presented an issue of credibility for resolution by the Board (*see Matter of Williams [New York City Gen. Servs.—Commissioner of Labor]*, 256 AD2d 792 [1998]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.