■ In the Matter of the Claim of PHYLLIS MALDARELLI, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 688]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2003, which, inter alia, ruled that claimant made a willful false statement to obtain unemployment insurance benefits.

Claimant began receiving pension benefits, fully funded by her former employer, effective February 1, 2001. Nonetheless, on February 26, 2001, she filed an original claim for unemployment insurance benefits, at which time she answered "no" to the question of whether she was currently receiving pension benefits. Unemployment insurance benefits were then awarded to claimant.

In March 2002, claimant applied to extend her benefit payments. Contrary to her response on her original application, she answered "yes" to the question of whether she was currently receiving pension benefits. As this response required a reduction in the amount of claimant's benefit payments (*see* Labor Law § 600 [7] [b]), various administrative hearings and review proceedings ensued, resulting in the decision under review wherein the Unemployment Insurance Appeal Board charged claimant with a recoverable overpayment of benefits and reduced her right to receive future benefits on the ground that she had made a willful false statement to obtain them.

Claimant gave exculpatory testimony, averring that her negative answer to the question pertaining to pension benefits on her original application for unemployment benefits must have been caused by an error in the Department of Labor's automated telephone claims system. She further testified that she could not remember if she had been asked whether she was receiving pension benefits at that time. Claimant asserted that she would not have given a willful false answer, as evidenced by her truthful response when the question was posed on her application for extended benefits in March 2002.

Claimant's testimony, however, was controverted by that of representatives from the Department of Labor who testified that the responses recorded by the telephone claims system are highly accurate and that their accuracy is in every case confirmed by a staff member who personally reviews with each claimant all responses, as recorded by the system to ensure their accuracy. Whether the recording of this false response was caused by computer error or was a deliberate misstatement on claimant's part, enabling her to receive benefits to which she was not entitled, raised an issue of credibility which the Board was free, in the exercise of its discretion, to resolve against claimant (*see Matter of Cuttitto [Commissioner of Labor]*, 303 AD2d 814, 815 [2003]). Under the circumstances presented here,

we conclude that substantial evidence supports the Board's decision (*see Matter of Dobbs [Commissioner of Labor]*, 277 AD2d 550, 551 [2000]; *Matter of Vasta [Commissioner of Labor]*, 268 AD2d 653 [2000]).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.