■ In the Matter of the Claim of VIVIAN M. BRATMEYER, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 910]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant voluntarily left her employment as a telemarketer without good cause. The record establishes that shortly after accepting a part-time job as a telemarketer, claimant was absent from work due to an injury she sustained at home. Following her recovery, claimant contacted her manager and informed him that she needed full-time employment in order to meet her financial obligations. When her request was not honored, claimant failed to return to work. It is well settled that neither dissatisfaction with the number of hours assigned by an employer (*see Matter of Cudnik [Sweeney]*, 235 AD2d 888, 888 [1997]) nor the amount of wages paid (*see Matter of Bollweg [Commissioner of Labor]*, 288 AD2d 811 [2001]; *Matter of Burman [Commissioner of Labor]*, 288 AD2d 539, 540 [2001]) constitutes good cause for leaving employment, particularly where, as here, claimant agreed to

part-time employment when hired (*see Matter of Orlik [Commissioner of Labor]*, 257 AD2d 837 [1999]; *Matter of Cudnik [Sweeney], supra*). Claimant's remaining contentions, including that her departure was not voluntary and she did not receive an impartial hearing, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.