■ In the Matter of the Claim of GABRIELA R. RADU, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 594]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board, which reversed a decision of an Administrative Law Judge and ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment as an operations typist for an environmental contractor due to misconduct. The employer testified that claimant was advised that she could leave work at 4:00 P.M. on the nights she had school but, otherwise, was expected to work until 5:00 P.M. Inasmuch as the record establishes that claimant failed to comply with the employer's reasonable request to provide an accurate course schedule and that she continued to leave before 5:00 P.M. on nights she did not have classes (see Matter of Jacque [Commissioner of Labor], 270 AD2d 541 [2000]; Matter of Gonzalez [Mount Sinai Hosp.—Hudacs], 199 AD2d 800 [1993]), we find no reason to disturb the Board's

conclusion that claimant engaged in disqualifying misconduct. To the extent that claimant disagreed with the employer's version of events and maintained that the terms of her employment were to work until 4:00 P.M. regardless of her school schedule, it is within the exclusive province of the Board to resolve such credibility issues and draw inferences from the evidence presented, even if its conclusions are contrary to those reached by the Administrative Law Judge (*see Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618 [1998]). Furthermore, the Board's finding that claimant made willful false statements to obtain benefits is supported by claimant's response on the automated application system wherein she indicated that her employment was lost due to lack of work (*see Matter of Epps [Commissioner of Labor]*, 276 AD2d 997, 998 [2000]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.