■ In the Matter of the Claim of JULIE H. SILBERMAN, Appellant. MEMORIAL SLOAN-KETTERING CANCER CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [792 NYS2d 736]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 2003, which, upon reconsideration, inter alia, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked full time in a position assisting with patient care from December 1998 until September 2000, when the employer permitted her to work part time. In September 2001, claimant enrolled full time in graduate school in order to obtain her Master's degree, continuing to work part time. In January 2002, claimant ceased working after declining the employer's request that she return to full-time work, which would have conflicted with her graduate studies. Claimant challenges the Unemployment Insurance Appeal Board's conclusion that she voluntarily left her position without good cause after she quit because the employer could no longer accommodate her part-time schedule or her request that her work schedule be arranged around her school schedule.

We affirm. Substantial evidence supports the Board's decision that claimant refused available full-time work and voluntarily left her employment because it would have interfered with her graduate school program. Although the employer had permitted claimant to work part time, ultimately accommodating her graduate studies, the Board credited her testimony in concluding that she was told that all part-time positions were being eliminated and she refused the employer's request that she return to her full-time status. "Resignation from a job because it conflicts with school has been characterized as leaving employment for personal and noncompelling reasons" (*Matter of Ganim [Kamerman & Soniker—Sweeney]*, 241 AD2d 742, 742 [1997]

[citation omitted]; *see Matter of Sherman [Commissioner of Labor]*, 285 AD2d 788 [2001]; *Matter of Hanukov [Commissioner of Labor]*, 260 AD2d 684 [1999]; *Matter of Schifferle [Catherwood]*, 33 AD2d 847 [1969]). Thus, the record contains substantial evidence to support the Board's conclusion that claimant voluntarily left her employment without good cause. Further, the Board's finding that claimant made a willful false statement to obtain benefits is supported by claimant's response in applying for benefits that her employment was lost due to lack of work (*see* Labor Law § 597 [3]; *see also Matter of Radu [Commissioner of Labor]*, 13 AD3d 701, 702 [2004]; *Matter of Hunt [Commissioner of Labor]*, 286 AD2d 819 [2001]; *Matter of Epps [Commissioner of Labor]*, 276 AD2d 997, 998 [2000]). Claimant's remaining claims lack merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.