In the Matter of the Claim of DONNA M. FELICE, Appellant. COMMISSIONER OF LABOR, Respondent. [805 NYS2d 487]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2004, which, upon reconsideration, inter alia, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked for the employer for 20 years, the last nine of which were as the director of strategic planning. In 2003, her employer announced a plan to reduce staff in an effort to cut costs. As part of the plan, claimant accepted a proposal under which she would resign from her position and receive a generous severance package as well as a pension incentive. She accepted the proposal on November 14, 2003, left her job on November 22, 2003 and received a lump-sum pension distribution of $610,000 on February 2, 2004. Shortly after resigning from her position, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause and reduced her benefit rate from $405 to zero effective December 29, 2003 pursuant to Labor Law § 600 (7). The Board adhered to this decision upon reconsideration, prompting this appeal.

Initially, we note that leaving employment in anticipation of possible future discharge (see Matter of Autera [Commissioner of Labor], 284 AD2d 767 [2001]; Matter of Tanico [Sweeney], 242 AD2d 769 [1997]) or to take an early retirement incentive (see Matter of Williams [New York City Gen. Servs.—Commissioner of Labor], 256 AD2d 792, 792 [1998]; Matter of Reid [Delta Air Lines—Sweeney], 244 AD2d 675 [1997]) are generally not reasons constituting good cause for leaving employment when continuing work is available. In the case at hand, the record discloses that claimant accepted the employer's proposal even after learning that more than the targeted number of employees had voluntarily agreed to leave, thus exceeding the employer's goal for staff reductions. Although claimant feared her department would be eliminated, this was pure speculation inasmuch as she was not specifically informed that this would occur or that she would definitely lose her job. Under these circumstances, the Board did not err in finding that she left her

*employment for personal and noncompelling reasons. Furthermore, we decline to disturb its further finding reducing claimant's benefit rate pursuant to Labor Law § 600 (7) inasmuch as her pension was fully funded by the employer (see Matter of Salerno [Commissioner of Labor], 279 AD2d 935 [2001]). Lastly, we find no abuse of discretion in the denial of claimant's request to subpoena records under the circumstances presented.*

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.