■ In the Matter of the Claim of RANDALL BECOTTE, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 349]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a service writer for a motorcycle repair shop for nearly 2½ years. After the employer discovered that claimant had been changing the initials of his coworkers on computerized work orders for the purpose of obtaining the commissions, his employment was terminated. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he was discharged for misconduct. He now appeals.

We affirm. Falsification of business records has been found to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Marione [Commissioner of Labor], 25 AD3d 1055, 1055 [2006]; Matter of Newkirk [Commissioner of Labor], 15 AD3d 827, 827 [2005]). Here, the employer's representatives testified that the individual who initiated a repair order was the one to receive the commission and that there were instances in which claimant had manually substituted his own initials for that of his coworkers on work orders that had already been entered into the computer in order to receive these commissions. Claimant admitted to making changes to the computerized work orders, but maintained that he did so at the direction of his supervisor. His supervisor, however, denied giving claimant such instructions. Inasmuch as it is within the exclusive province of the Board to

resolve issues of credibility raised by conflicting testimony (*see Matter of Radu [Commissioner of Labor]*, 13 AD3d 701, 702 [2004]), we conclude that substantial evidence supports its decision. Finally, we find no abuse of discretion in the Administrative Law Judge's failure to subpoena certain records requested by claimant (*see Matter of Felice [Commissioner of Labor]*, 24 AD3d 992, 994 [2005]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.