██ In the Matter of the Claim of NARAD PERSAUD, Appellant. COMMISSIONER OF LABOR, Respondent. [972 NYS2d 112]—

Appeal from a decision of the Unemployment Insurance Ap-

---

peal Board, filed November 29, 2012, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

According to claimant, he resigned his position as a part-time bus monitor because he wished to attend college, was dissatisfied with the amount of hours he was assigned and felt "unwanted" and "discriminated" against because he is a native of Guyana. His application for unemployment insurance benefits was contested and, following hearings, the Administrative Law Judge determined that claimant voluntarily left his employment without good cause. The Unemployment Insurance Appeal Board upheld the determination on review, prompting this appeal.

We affirm. "[W]hether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (*Matter of Mkhitaryan [Commissioner of Labor]*, 86 AD3d 888, 889 [2011] [citation omitted]; *see Matter of Pencola [Commissioner of Labor]*, 92 AD3d 1009, 1009 [2012]). Here, the employer's representative testified that claimant was a valued employee and the reason he could not be given more hours was because additional work was not available due to the loss of customers and reduced summertime demand. There was further testimony that claimant was offered the opportunity to continue working while also attending college, which he declined. Notably, leaving employment to attend school or because of dissatisfaction with one's work environment or schedule may be found not to constitute good cause to resign under the Labor Law (*see Matter of Bielak [Commissioner of Labor]*, 105 AD3d 1226, 1226 [2013]; *Matter of DeGennaro [Commissioner of Labor]*, 68 AD3d 1274, 1274 [2009]; *Matter of Silberman [Memorial Sloan-Kettering Cancer Ctr.—Commissioner of Labor]*, 17 AD3d 815, 815 [2005], *lv denied* 5 NY3d 713 [2005]). Regarding claimant's challenge to the finding that various misunderstandings at work did not rise to the level of unfair treatment, such credibility issues are for the Board to resolve (*see Matter of Georgatos [Commissioner of Labor]*, 100 AD3d 1130, 1131 [2012]). Significantly, claimant testified that he would not have quit his job had his request for extra hours been granted. Given all the circumstances, we find no basis to disturb the Board's decision that claimant left his employment for personal and noncompelling reasons (*see Matter of Silberman [Memorial Sloan-Kettering Cancer Ctr.—Commissioner of Labor]*, 17 AD3d at 815).

Peters, P.J., Rose, Lahtinen and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.