■  In the Matter of the Claim of JOAN E. BOLICK, Respondent. LAURICE EL BADRY RAHME, Appellant; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 522]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for 4½ years as the product development director for the employer, a perfume retailer. On August 9, 2011, the employer's owner met with claimant and informed her that her last day of work would be on August 12, 2011 because claimant allegedly had undermined the owner's authority in conversations she had with company executives. According to the owner, a heated discussion ensued that resulted in claimant quitting her job. Claimant, on the other hand, maintained that she removed herself from the meeting and shortly thereafter was asked to turn over company property, which she interpreted as the termination of her employment. Although claimant subsequently was found eligible to receive unemployment insurance benefits, the employer objected and maintained that claimant had voluntarily resigned from her position. Following a hearing, an Administrative Law Judge upheld the initial determination finding claimant eligible to receive benefits, and this decision was affirmed by the Unemployment Insurance Appeal Board. The employer now appeals.

The dispositive issue is whether claimant voluntarily left her employment in anticipation of being discharged or whether she was terminated. Although claimant would not be entitled to receive benefits if she resigned in anticipation of discharge (see Matter of Keane [Commissioner of Labor], 93 AD3d 1002, 1003 [2012], lv denied 20 NY3d 854 [2012]; Matter of Carcaterra [Association for Computing Mach., Inc.—Commissioner of Labor], 90 AD3d 1389, 1390 [2011]), the record contains conflicting evidence on the circumstances surrounding the cessation of her employment. The employer's owner testified that, when confronted by accusations that she had undermined the owner's authority, claimant abruptly quit and left the employer's premises after gathering her personal belongings and surrendering company property. This was before the August 12, 2011 date that the owner had indicated would be the last day of claimant's employment. Claimant, however, testified that she left the meeting to avoid further confrontation and walked to another office location to continue performing her job, which she thought would continue through August 12, 2011, until she was asked

by an office manager to turn over company property. Claimant construed this to mean that her employment had been terminated prior to the August 12, 2011 date. The email correspondence presented as evidence reveals a significant disagreement between the parties as to whether claimant resigned or was discharged. We are mindful that the assessment of conflicting evidence and resolution of issues of credibility is within the province of the Board (see *Matter of Sanders [Rescue Mission Alliance Inc.—Commissioner of Labor]*, 106 AD3d 1311, 1312 [2013]; *Matter of Becotte [Commissioner of Labor]*, 42 AD3d 790, 790-791 [2007]). Accordingly, inasmuch as the Board could choose to credit the evidence establishing that claimant was discharged over that suggesting that she resigned, we find no reason to disturb its decision finding her entitled to receive benefits.

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.