Matter of Lee (Commissioner of Labor) (2021 NY Slip Op 00346)





Matter of Lee (Commissioner of Labor)


2021 NY Slip Op 00346


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

530594

[*1]In the Matter of the Claim of Sherrie Lee, Appellant. Commissioner of Labor, Respondent.

Calendar Date: January 4, 2021

Before: Garry, P.J., Lynch, Mulvey, Pritzker and Colangelo, JJ.


Sherrie Lee, Long Island City, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 2019, which ruled, among other things, that claimant was (1) ineligible to receive unemployment insurance benefits for the first period because she was not totally unemployed, and (2) disqualified from receiving unemployment insurance benefits for the second period because she voluntarily left her employment without good cause.
Claimant worked as a part-time dental assistant for the employer until February 6, 2019, when she stopped working because her work schedule conflicted with classes in which she was enrolled to become an X-ray technician. Initially, the employer had accommodated her class schedule, and she worked 26 hours over four days per week at one of the employer's two sites. After the site where claimant worked was taken over by a municipality, her services were no longer needed and her last day working there was January 9, 2019. On January 13, 2019, claimant certified for unemployment insurance benefits, indicating that she had not worked any days that week; realizing her mistake, she called the Department of Labor the following day and arrangements were made to deduct the payment for that week from her unemployment insurance benefits for the following week. At that time, claimant's work schedule was reduced to four hours per week, on Wednesdays from 9:00 a.m. to 1:00 p.m., at the other location where she continued working until February 6, 2019. On that day, her class schedule changed unexpectedly and the new class times conflicted with her Wednesday morning work schedule. Claimant discussed the conflict with her supervisors, who advised her that they could not change her work schedule as there were no other days or times available for her to work. Claimant thereafter certified for benefits for the week ending February 17, 2019 and thereafter, indicating that her separation from work had been due to lack of work, and she received unemployment insurance benefits.
The Department of Labor made an initial determination that claimant was not eligible for benefits effective January 9, 2019 (the first period) because she was not totally unemployed on that date, and that she was disqualified from receiving benefits effective February 7, 2019 (the second period) because she had voluntarily left her employment without good cause. Claimant was charged with recoverable overpayments of $71.50 (first period) and $2,359.50 (second period), her right to receive future benefits was reduced by eight days for each period, and civil penalties of $100 and $353.92 were imposed, respectively, based upon the finding that she had made willful misrepresentations to obtain benefits (see Labor Law § 597 [4]). At claimant's request, a hearing was held at which claimant testified and the employer and the Department did not appear, and an Administrative Law Judge sustained the initial determinations. On claimant's appeal, the Unemployment Insurance Appeal Board adopted [*2]and affirmed the ALJ's findings of fact and opinion in all respects except that it overruled the eight-day forfeiture penalty and civil penalty of $100 attributable to claimant's January 13, 2019 certification. Claimant appeals.
We affirm. "Whether a claimant is totally unemployed and thereby entitled to receive unemployment insurance benefits is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1368 [2020] [internal quotation marks, brackets and citations omitted]; see Labor Law §§ 522, 591 [1]; Matter of Pemberton [Commissioner of Labor], 166 AD3d 1202, 1203 [2018]). Claimant testified that she had mistakenly certified for benefits on January 13, 2019, indicating that she had not worked the week prior when she had worked on January 9, 2019. Although claimant called the Department the following day to correct her mistake, it was her obligation when certifying for benefits to "report accurately" and her misrepresentation, although unintentional, supports recovery of the overpayment of benefits (Matter of Pemberton [Commissioner of Labor], 166 AD3d at 1203 [internal quotation marks and citation omitted]; see Matter of Cardella [Commissioner of Labor], 179 AD3d at 1369).
Turning to the second period, "[w]hether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Vargas [Mason ESC LLC-Commissioner of Labor], 185 AD3d 1339, 1340 [2020] [internal quotation marks and citations omitted]; see Labor Law § 593 [1]; Matter of Leone [Woodmere Florist, Ltd.-Commissioner of Labor], 180 AD3d 1124, 1126 [2020]). Claimant testified that she separated from her employment because her school course schedule conflicted with her work schedule, albeit unexpectedly, and the employer was unable to change her work schedule. Voluntarily leaving available employment to attend classes or pursue academics does not constitute good cause for leaving employment under the Labor Law (see Matter of Delgado-Agudio [Commissioner of Labor], 149 AD3d 1377, 1378 [2017]; Matter of Persaud [Commissioner of Labor], 109 AD3d 1074, 1075 [2013]; Matter of Casiano [Commissioner of Labor], 108 AD3d 892, 893-894 [2013]; Matter of Silberman [Memorial Sloan-Kettering Cancer Ctr.-Commissioner of Labor], 17 AD3d 815, 815-816 [2005], lv denied 5 NY3d 713 [2005]). Although claimant argues on appeal that she did not "quit" her job and was willing to work hours and days other than the Wednesday shift for which she was scheduled, as she testified, no other shifts were available and she nonetheless made the decision to attend class rather than work her scheduled shift. Thus, the record contains substantial evidence to support the Board's conclusion that claimant voluntarily left her employment without good cause.
Garry, P.J., Lynch[*3], Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.