In the Matter of the Claim of CAROL M. CHIPMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 153] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed part time for a candy company as a retail sales direct merchandiser servicing both grocery stores and convenience stores. After a nationwide restructuring of the company, claimant's territory was increased but grocery stores were removed from her client base. Claimant resigned, claiming that she was unable to adequately service the area due to the work increase and her preexisting disability. The Unemployment Insurance Appeal Board denied her application for unemployment insurance benefits finding that claimant voluntarily left her employment without good cause.

It is well settled that dissatisfaction with one's assignment does not constitute good cause for leaving employment (*see Matter of Dragoi [Commissioner of Labor]*, 288 AD2d 685 [2001]; *Matter of Pietropaolo [Commissioner of Labor]*, 271 AD2d 795 [2000]). The representative of the employer testified that the time required to perform her duties would not change significantly because convenience stores require less time to service than grocery stores. In any event, claimant would be compensated for any additional time. Although claimant maintains that her preexisting disability prevented her from servicing the increased territory or working additional time, claimant never attempted to service the new area before resigning. Moreover, claimant was not given any medical restrictions as to the number of hours she could work nor was she advised by her physician to quit. Under these circumstances, substantial evidence supports the Board's decision that claimant left her employment for personal and noncompelling reasons (*see Matter of Pitcher [Sweeney]*, 231 AD2d 794 [1996]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.