■ In the Matter of the Claim of ROBERT W. ROSE, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 898]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On February 11, 2003, claimant filed for unemployment insurance benefits after leaving his part-time employment delivering newspapers and having apparently been terminated from his full-time job. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left his part-time employment without good cause, a decision with which claimant in his brief "reluctantly agrees." In the absence of receiving any medical advice to quit or restrict his activity, claimant's dissatisfaction with the amount of walking required on the job—which he testified caused his feet to hurt—did not constitute good cause for leaving employment inasmuch as continuing work was available (*see Matter of Chipman [Commissioner of Labor]*, 308 AD2d 652 [2003]; *Matter of Rainville [Univera Healthcare CNY—Commissioner of Labor]*, 288 AD2d 747 [2001]; *Matter of Maine [Commissioner of Labor]*, 282 AD2d 854, 855 [2001]).

Claimant's sole contention on appeal is that he is entitled to

benefits with respect to his separation from his full-time job. However, his continuing inquiry as to whether he is eligible to collect partial unemployment insurance benefits as a result of losing his primary full-time employment appears not to have been resolved and is not capable of resolution on the record before us. Although the Attorney General contends that claimant's eligibility for unemployment benefits arising from his full-time employment "may only be determined by the Commissioner of Labor upon claimant's filing a new benefit claim," the record reflects that claimant applied for benefits on February 11, 2003, placing the Department of Labor on notice of his separation from both jobs at that time. Claimant also raised the issue of his right to benefits with respect to his termination from both jobs in a phone interview with a representative of the Department of Labor on April 8, 2003 and at the May 19, 2003 hearing. When he asked at the hearing about his entitlement to benefits from his full-time position, the Administrative Law Judge advised that he would have to contact his Department of Labor representative. Why the hearing did not cover issues related to claimant's separation from his full-time job is not clear. Nothing in the record supports the conclusion that claimant's claim was only limited to his separation from his part-time job. Accordingly, this matter should be remitted to the Board for a hearing with respect to claimant's entitlement, if any, to unemployment insurance benefits resulting from his separation from his full-time job.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.