■ In the Matter of the Claim of KATHLEEN E. TURNER, Appellant. BEEPER PEOPLE, Respondent; COMMISSIONER OF LABOR, Respondent. [793 NYS2d 202]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2004, which ruled that claimant had insufficient earnings in the covered base period to terminate her prior disqualification.

Claimant worked for the Beeper People from January 1, 1996 through May 31, 2003 and filed an unemployment insurance claim when this employment ended. On December 4, 2003, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that she voluntarily separated from her employment without good cause. Claimant did not appeal this decision. From November 18, 2003 until January 16, 2004, claimant worked at Macy's department store. On January 23, 2004, she filed a second claim for unemployment insurance benefits. The Unemployment Insurance Appeal Board denied her claim, find-

ing that she did not have sufficient earnings from her employment with Macy's to terminate her prior disqualification. Claimant now appeals.

We affirm. Labor Law § 593 (1) (a) provides that "[n]o days of total unemployment shall be deemed to occur after a claimant's voluntary separation without good cause from employment until he or she has subsequently worked in employment and earned remuneration at least equal to five times his or her weekly benefit rate." Here, claimant reported a total of $946 in earnings from Macy's and, if her claim was granted, her benefit rate would have been $304. Because claimant would have had to have made a total of $1,520 to earn five times her benefit rate and did not, substantial evidence supports the Board's conclusion that she did not have sufficient earnings to terminate her prior disqualification (*see Matter of Maine [Commissioner of Labor]*, 282 AD2d 854, 855 [2001]).

Cardona, P.J., Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.