■ In the Matter of the Claim of ROBERT W. ROSE, Appellant. COMMISSIONER OF LABOR, Respondent. [796 NYS2d 718]—

---

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was laid off from his full-time employment on January 29, 2003, but continued to work at a part-time position for another employer until February 3, 2003, when he quit that part-time position. He subsequently filed for unemployment insurance benefits for both positions. Previously, this Court determined that there was substantial evidence to support the decision of the Unemployment Insurance Appeal Board that claimant had voluntarily left his *part-time* employment without good cause, disqualifying him from benefits (6 AD3d 951 [2004]). We remitted, however, for a determination of claimant's entitlement to benefits related to his termination from his full-time position (*id.* at 952). Following a hearing, the Board sustained claimant's disqualification from benefits, and we now affirm.

As explained by the Board, eligibility for benefits is restricted to those who are "totally unemployed" (Labor Law § 591 [1]; *see* Labor Law § 522; *see also Matter of Smith [Commissioner of Labor]*, 8 AD3d 744, 745 [2004]). Because claimant voluntarily and without good cause quit the last employment he held prior to filing his benefits claim—the part-time position (6 AD3d 951 [2004], *supra*)—he lacked the total unemployment which is a prerequisite to benefits eligibility (*see* Labor Law § 593 [1] [a] ["No days of total unemployment shall be deemed to occur after a claimant's voluntary separation without good cause from employment" until certain conditions are met]; *see also Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 232-233 [1996]; *Matter of Turner [Beeper People—Commissioner of Labor]*, 16 AD3d 885 [2005]). By statute, a "valid original claim" requires that claimant not be subject to any such disqualification under the unemployment insurance law (*see* Labor Law § 527 [1]). Thus, claimant's act of quitting his last, part-time position under disqualifying circumstances precludes a finding, necessary for benefits eligibility, that he was totally unemployed for purposes of a claim for benefits for his full-time employment until he cures the disqualification (*see* Labor Law § 593 [1]; *see also Matter of Gruber [New York City Dept. of Personnel—Sweeney], supra* at 235).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.