In the Matter of the Claim of CHERYL A. TARASEK, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 387]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked for the employer as an office manager from May 1993 until December 2005. On December 11, 2005, her supervisor advised her that she was being terminated from her position and would need to train her replacement. After claimant's supervisor told her the training would take approximately two weeks, she informed him that she would be taking two weeks of vacation. The supervisor responded, "Okay, you are on vacation through the 27th, okay." Claimant was then paid vacation time through December 27, 2005. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

We reverse. While quitting one's job in anticipation of a scheduled discharge date does not constitute good cause for leaving employment (see Matter of Maleknia [Commissioner of Labor], 7 AD3d 867, 868 [2004]), the record here simply does not reflect that claimant quit her job. Instead, claimant informed her employer that she would be taking vacation time through December 27, 2005, to which her supervisor expressly acquiesced, and her paychecks reflect that she was paid vacation time through that date. In our view, and contrary to the Board's finding, the supervisor's explanation that he did not intend to acquiesce to claimant's vacation is not sufficient to overcome the evidence that he did so acquiesce. Nor does that

explanation constitute substantial evidence that claimant quit her job (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978] ["(S)ubstantial evidence (must) consist( ) of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically"]).

Moreover, although the supervisor maintained that claimant quit on December 11, 2005 and that the vacation pay was prearranged posttermination pay, we note that the notice of protest signed by the supervisor indicates that only the pay for the day of December 27, 2005—and not the pay from December 11, 2005 through December 26, 2005—was prearranged vacation pay for a period occurring after the last day of work. That notice of protest also indicates that claimant's employment was terminated due to misconduct, not that she quit. In that regard, we note that the record does reflect that claimant refused the employer's directive to train her replacement, conduct that arguably constituted misconduct. The Administrative Law Judge, however, overruled the employer's objection that claimant lost her employment through misconduct, and the Board's decision is premised only on a finding that claimant voluntarily separated from employment without good cause. Inasmuch as "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency and a reviewing court which finds those grounds insufficient or improper may not sustain the determination by substituting what it deems to be a more appropriate or proper basis" (*Matter of Parkmed Assoc. v New York State Tax Commn.*, 60 NY2d 935, 936 [1983]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]), we reverse.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.