Matter of Vargas (Mason ESC LLC--Commissioner of Labor) (2020 NY Slip Op 04220)





Matter of Vargas (Mason ESC LLC--Commissioner of Labor)


2020 NY Slip Op 04220


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

530221

[*1]In the Matter of the Claim of Danny Y. Vargas, Respondent. Mason ESC LLC, Appellant. Commissioner of Labor, Respondent.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Imbessi Law PC, New York City (Brittany Weiner of counsel), for appellant.
Carolyn B. George, Albany, for Danny Y. Vargas, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2019, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant was employed part time as a medical assistant by the employer at its ambulatory surgical center for about one year. She initially began her shift at 7:00 a.m., but her hours were changed to permit her to begin work at 8:00 a.m. at her request, and she thereafter worked Wednesdays and Fridays from 8:00 a.m. until 3:00 p.m. Claimant was also employed at an ophthalmology office also owned by the employer but operated as a separate entity under a different employer identification number. On July 28, 2018, claimant met with her supervisors at the surgical center and was admonished in writing for tardiness and absenteeism in that position. Claimant indicated to her supervisors that she could not arrive by the scheduled start time at the surgical center and voluntarily separated from that position, but continued to work in her other position at the office, which began at 8:30 a.m.[FN1] After claimant's application for unemployment insurance benefits was granted, the employer requested a hearing, contending that claimant should be disqualified from receiving benefits because she had voluntarily quit her employment at the surgical center without good cause.
A hearing was held at which claimant failed to appear and the employer's administrator offered uncontradicted testimony. The Unemployment Insurance Appeal Board ultimately ruled that, although claimant had "voluntarily separated" from her part-time surgical position, she continued in her other office position and, thus, her separation was under nondisqualifying circumstances and she was eligible for benefits. The Board relied on the principle that "the Unemployment Insurance Law does not require a claimant to work two jobs concurrently to establish eligibility for benefits," and that a claimant who quits a part-time job, while still employed at another job, has quit under nondisqualifying circumstances." The employer appeals.
The employer argues that claimant is ineligible for unemployment insurance benefits because she voluntarily separated from her surgical position without good cause, whereas claimant argues that she had good cause for her separation. "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [2019] [internal quotation marks and citations omitted]). Here, however, the Board never ruled on whether claimant had good cause to leave her position with the employer, only finding that she had "voluntarily separated" from that position. Rather, the Board based its ruling on the fact that claimant, after leaving her position at the surgical center, continued her concurrent employment, which it found rendered her separation nondisqualifying. Given that "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency and a reviewing court which finds those grounds insufficient or improper may not sustain the determination by substituting what it deems to be a more appropriate or proper basis," our analysis will only address the grounds relied upon by the Board (Matter of Parkmed Assoc. v New York State Tax Commn., 60 NY2d 935, 936 [1983]; see Matter of Scherbyn v Wayne—Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]; Matter of Tarasek [Commissioner of Labor], 44 AD3d 1204, 1205 [2007]).
In finding claimant eligible for benefits, the Board relied upon three of its prior decisions in which claimants had two concurrent jobs, quit one of the jobs under what were deemed nondisqualifying conditions and, as a result, were found to be eligible for benefits. However, each of these decisions are readily distinguishable from the circumstances presented here. In the first cited decision, the Board made an express finding that the claimant had voluntarily separated from his employment with good cause, in contrast to the Board's decision here (Matter of Appeal Board Decision No. 585851, https://
uiappeals.ny.gov/system/files/documents/585851-appeal-decision.pdf [June 24, 2015] [the claimant quit his job because the work schedule conflicted with a second, part-time job; the claimant was eligible for benefits]). In the second cited decision, the Board held that where a claimant quit one of two jobs for health reasons and not for the purpose of collecting benefits, his employment ended under nondisqualifying circumstances and he was entitled to benefits, reversing a finding that he had quit without cause (Matter of Appeal Board Decision No. 564564, https://uiappeals.ny.gov/system/files/
documents/564564-appeal-decision.pdf [Jan. 9, 2013]). Similarly, in the third cited decision, the Board held that where a claimant quit a part-time job and continued to work in her full-time job, from which she was later unexpectedly laid off, her part-time employment ended under nondisqualifying circumstances, and she was entitled to benefits, reversing a finding that she had quit without good cause (Matter of Appeal Board Decision No. 565000, https://uiappeals.ny.gov/ system/files/documents/ 565000-appeal-decision.pdf [Sept. 21, 2012]). Thus, the cited decisions fail to support claimant's entitlement to benefits here.
Although the Board decisions hold that a claimant is not required to work two jobs concurrently in order to be eligible for benefits, this does not mean that every claimant who works two jobs and quits one of them is automatically entitled to benefits. Entitlement to benefits does not turn on the existence or number of concurrent positions held but, rather, on the circumstances of the separation. Ordinarily, one who voluntarily separates without good cause is disqualified from receiving benefits (see Labor Law § 593 [1] [a]; Matter of Gruber [New York City Dept. of Personnel-Sweeney], 89 NY2d 225, 228, 232-233 [1996]; Matter of Franklin [Commissioner of Labor], 141 AD3d 1067, 1068 [2016]); the fact that a person continues in what had been a concurrent job does not automatically make him or her eligible for benefits for the employment terminated without cause.
Whether a claimant left the first position with or without cause may affect later entitlement to benefits for the second position (see Matter of Rose [Commissioner of Labor], 19 AD3d 752, 753 [2005]). The Board did not cite, and we are unable to find, authority for the rule applied by the Board here. Accordingly, we do not find substantial record evidence to support the Board's determination.
Garry, P.J., Lynch, Clark, Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record and the decision of the Unemployment Insurance Appeal Board are not clear as to the hours and days that claimant worked at the office position while concurrently working at the surgical center. Both claimant's brief and the employer's brief indicate that she worked part time at the office on the remaining days of the week. Also, the record does not reflect what hours she worked at the office after departing from the surgical position; the employer's counseling form indicates that the plan after her departure from the surgical center was for claimant to work 8:30 a.m. to 4:00 p.m. at the office but it does not indicate the number of days to be worked. There is no support in the record for the finding that claimant worked full time for the office after quitting the surgical center.