■ In the Matter of the Claim of Simin D. Maleknia, Appellant. Commissioner of Labor, Respondent. [776 NYS2d 913]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

---

After the employer informed claimant that her teaching contract at the medical school would not be renewed after June 2002, claimant resigned effective January 2002 citing conflicts with her supervisor. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. It is well settled that neither quitting in anticipation of a scheduled discharge date (*see Matter of Miller [Commissioner of Labor]*, 296 AD2d 693 [2002]; *Matter of Drechsler [Bretton Woods Homeowners Assn.— Hudacs]*, 197 AD2d 739 [1993]) nor conflicts with one's supervisor (*see Matter of Micara [Commissioner of Labor]*, 307 AD2d 568, 569 [2003]; *Matter of Nachef [Commissioner of Labor]*, 288 AD2d 550, 551 [2001]) necessarily constitute good cause for leaving one's employment. Inasmuch as continuing work was available to claimant absent her resignation, substantial evidence supports the Board's decision that claimant voluntarily left her employment without good cause. Furthermore, despite claimant's exculpatory explanation, we find no basis to disturb the Board's finding that claimant made willful false statements to obtain benefits by indicating on her application for benefits that her separation from employment was due to lack of work (*see Matter of Koller [Saint Mary's Found. for Children—Commissioner of Labor]*, 288 AD2d 599 [2001]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.