■ In the Matter of the Claim of RICHARD C. BURKE, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 164]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for the employer as an account manager for just over 2¹/₂ years. On March 27, 2003, he was advised by his supervisor that his position was being eliminated due to downsizing and that he was going to be laid off as of April 7, 2003. Rather than continuing to work until that day, he resigned from his position—effective the next day—to start to look for another job. Thereafter, claimant applied for unemployment insurance benefits, but his application was denied on the basis that he voluntarily left his employment without good cause. He now appeals.

We affirm. It is well settled that resigning in anticipation of a scheduled discharge date does not constitute good cause for leaving employment (*see Matter of Maleknia [Commissioner of Labor]*, 7 AD3d 867 [2004]; *Matter of Ford [Commissioner of Labor]*, 2 AD3d 1132, 1133 [2003]). Here, claimant admitted that he left work before the date of his scheduled lay off to look for another job although he could have continued to work for the employer and get paid through April 7, 2003. Consequently, the Board properly concluded that he voluntarily left his employment without good cause. Claimant's reliance on *Matter of Kalichman (Ross)* (81 AD2d 961 [1981]) and *Matter of Grieco (Levine)* (41 AD2d 799 [1973]) do not compel a contrary conclusion, as the employers in those cases agreed to move up the termination date, unlike here.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.