■ In the Matter of the Claim of RODNEY A. COLE, Appellant. WILLIAM H. HORAN, Respondent; COMMISSIONER OF LABOR, Respondent. [846 NYS2d 741]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for the employer as a life insurance salesperson for approximately seven months until March 2006, when he submitted a letter of resignation. Having been advised by the employer that it was considering closing the office in which he worked, claimant decided that he no longer was going

to work in the insurance business and indicated in his resignation letter that he was breaking all ties with the employer and that he was going to attempt to go back to school. The Unemployment Insurance Appeal Board thereafter ruled that claimant was disqualified from receiving unemployment insurance benefits upon the basis that he voluntarily left his employment without good cause. Claimant appeals.

We affirm. It initially is noted that resigning from one's employment in anticipation of a possible future discharge does not constitute good cause for leaving such employment (*see Matter of Felice [Commissioner of Labor]*, 24 AD3d 992, 993 [2005]). As for claimant's contention that he left his job because the employer failed to timely pay him commissions that he had earned, this created a credibility issue for resolution by the Board (*see Matter of Felix [Pepsi Cola Newburgh Bottling Co.— Commissioner of Labor]*, 14 AD3d 926, 927 [2005]). Finally, we have examined claimant's remaining argument that the Board improperly considered evidence not in the record and find it to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.