█ In the Matter of the Claim of DYANN M. GORDON, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 806]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

For over two years, claimant worked for the Seneca Nation of Indians as a food service helper at its child learning center. In May 2006, she stopped working there and, on her application for unemployment insurance benefits, she represented that she left her job to pursue training. The Unemployment Insurance Appeal Board subsequently ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. Claimant appeals.

We affirm. Resigning from a position to attend school has been considered a personal and noncompelling reason for leaving employment disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Jing Ying Zeng [Commissioner of Labor], 268 AD2d 747 [2000]; Matter of Aussicker [Commissioner of Labor], 253 AD2d 930 [1998]). Inasmuch as the training that claimant sought to obtain here is analogous to an academic pursuit, substantial evidence supports the Board's decision. Although claimant testified that she was going to be terminated anyway due to a letter she received from the Office of Children and Family Services indicating that a report of child abuse or maltreatment had been filed against her, quitting a job in anticipation of discharge does not constitute good cause for leaving employment (see Matter of Kabayiza [Commissioner of Labor], 22 AD3d 1014, 1015 [2005]). In any event, no evidence was presented that claimant's discharge was imminent. Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.