In the Matter of the Claim of RACHEL K. LUCHT, Appellant. COMMISSIONER OF LABOR, Respondent. [854 NYS2d 568]—

Claimant, a flight attendant for Delta Airlines, accepted a voluntary reduction in workforce package offered by the employer effective November 21, 2005. She filed a claim for unemployment insurance benefits three days later indicating that her separation from employment was due to lack of work, and initially was awarded benefits. Ultimately, the Unemployment Insurance Appeal Board, by decision filed July 27, 2006, ruled that claimant voluntarily left her employment without good cause, reduced her right to future benefits by eight effective days and charged her with a recoverable overpayment. The Board, upon its own motion, subsequently reopened and reconsidered its prior ruling and, by decision filed August 1, 2007, again ruled, among other things, that claimant voluntarily left her employment without good cause. This appeal by claimant ensued.*

We affirm. Voluntarily separating from one's employment to accept a severance or early retirement package when continuing work remains available has been held not to constitute good cause for leaving employment (*see Matter of Cammisa [Commissioner of Labor]*, 38 AD3d 1146, 1146 [2007]; *Matter of Campolattano [Commissioner of Labor]*, 260 AD2d 711, 711 [1999]). Although claimant testified that 25% of the flight attendants were in danger of losing their jobs as the result of the employer's downsizing, she conceded that the employer never told her that her job was in jeopardy (*see Matter of Grushko [Lonero Tr.— Commissioner of Labor]*, 6 AD3d 858, 859 [2004]; *Matter of Cuomo-Perez [Commissioner of Labor]*, 3 AD3d 777, 778 [2004]; *Matter of Joseph [Sweeney]*, 246 AD2d 944, 944-945 [1998]). Under such circumstances, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (*see Matter of Cammisa [Commissioner of Labor]*, 38 AD3d at 1146).

---

* Although claimant has appealed from only the decision filed July 27, 2006, we will exercise our discretion and treat this as a valid appeal from the decision filed August 1, 2007 (*see Matter of Barker v Buffalo Color Corp.*, 32 AD3d 1138, 1139 [2006]).

Although claimant contends that she was justified in leaving her employment due to changes in the terms and conditions thereof, the record supports the Board's finding that claimant continued to work for the employer even after these changes were implemented. Similarly, claimant is not entitled to the temporary furlough exception set forth in Labor Law § 593 (1) (a) because she was not given a definite date of recall (*see Matter of Violanti [Roberts]*, 89 AD2d 727, 727-728 [1982]). Finally, we find no reason to disturb the Board's finding that claimant made willful false statements to obtain benefits by indicating that her employment ended due to lack of work (*see Matter of Cuomo-Perez [Commissioner of Labor]*, 3 AD3d at 778). Claimant's exculpatory explanations in this regard presented a credibility issue for the Board to resolve (*see generally Matter of Wood [Commissioner of Labor]*, 43 AD3d 593, 594 [2007]).

Mercure, J.P., Spain, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.