In the Matter of the Claim of CAROL A. HUGHES, Appellant. COMMISSIONER OF LABOR, Respondent. [858 NYS2d 805]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In May 2006, claimant resigned from her employment as a collector for a collections agency, citing her belief that the employer was about to reduce the workforce and her need to care for her elderly mother. However, resigning in anticipation of a possible discharge does not constitute good cause for leaving one's employment (*see Matter of Gordon [Commissioner of Labor]*, 46 AD3d 1002, 1002 [2007]; *Matter of Cole [Horan— Commissioner of Labor]*, 45 AD3d 1229, 1230 [2007]). In addition, prior to resigning, claimant did not inquire as to whether a leave of absence or change in schedule was available to enable her to care for her mother and, thus, she failed to take reasonable steps to protect her employment (*see Matter of Warmsley [Commissioner of Labor]*, 32 AD3d 1059, 1059-1060 [2006]). Moreover, claimant did not demonstrate that it was medically necessary for her to resign in order to provide care to her mother (*see Matter of Soler [Commissioner of Labor]*, 24 AD3d 936, 937 [2005]; *Matter of Munoz [Commissioner of Labor]*, 301 AD2d 1014 [2003]). Under these circumstances, substantial evi-

dence supports the Unemployment Insurance Appeal Board's finding that claimant is disqualified from receiving benefits because she voluntarily left her employment without good cause.

Spain, J.P., Carpinello, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.