■ In the Matter of the Claim of MAGGIE L. STANDFORD, Appellant. COMMISSIONER OF LABOR, Respondent. [864 NYS2d 184]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 2007, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a data entry operator for an investment company for 36 years. She left her position after taking an early retirement package. Claimant applied for and received unemployment insurance benefits in the amount of $5,205. The Unemployment Insurance Appeal Board, however, subsequently ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. It also charged her with a recoverable overpayment and imposed a forfeiture penalty. Claimant appeals.

We affirm. Leaving one's job to take advantage of an early retirement package has been found not to constitute good cause for leaving employment (*see Matter of Lucht [Commissioner of Labor]*, 49 AD3d 1048, 1049 [2008]; *Matter of Cammisa [Commissioner of Labor]*, 38 AD3d 1146 [2007]). Here, there is no dispute that claimant left her job for this reason. Although she stated that the employer was downsizing and she felt pressure to resign, she was not told that she would be laid off. In any event, leaving a job in anticipation of a scheduled discharge does not constitute good cause for leaving employment (*see Matter of Burke [Commissioner of Labor]*, 11 AD3d 870, 871 [2004]). Furthermore, inasmuch as claimant misrepresented that her employment ended due to a lack of work, there is no basis to disturb the Board's finding that she made a willful false statement to obtain benefits (*see Matter of Lucht [Commissioner of Labor]*, 49 AD3d at 1050; *Matter of Cuomo-Perez [Commissioner of Labor]*, 3 AD3d 777, 778 [2004]).

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.