In the Matter of the Claim of ELAINE RUGGIERO, Appellant. COMMISSIONER OF LABOR, Respondent. [881 NYS2d 552]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 16, 2008, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a teacher for the employer from Febru-

ary 1996 until June 2007. When she was advised that the program that she had been teaching would be discontinued for the 2007-2008 school year, she submitted her letter of resignation. She applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board disqualified her from receiving them on the ground that she voluntarily left her employment without good cause. She was also charged with a recoverable overpayment and a forfeiture penalty was imposed based upon the finding that she made a willful misrepresentation to receive benefits. Claimant appeals.

We affirm. Initially, we note that resigning from one's position in anticipation of discharge does not constitute good cause for leaving one's employment (*see Matter of Hughes [Commissioner of Labor]*, 51 AD3d 1242, 1242 [2008]; *Matter of Cole [Horan—Commissioner of Labor]*, 45 AD3d 1229, 1230 [2007]). In the case at hand, claimant tendered her resignation after she was informed that the program that she had been teaching would not be offered during the next academic year. Although she believed that she would not be able to exercise bumping rights over the positions of less senior employees, she did not inquire of the employer if other positions were available. By failing to do so, she neglected to take reasonable measures to protect her employment (*see Matter of Warmsley [Commissioner of Labor]*, 32 AD3d 1059, 1060 [2006]).

Notably, the employer's representative testified that claimant had enough seniority that she could have exercised bumping rights over the positions of other employees in the same tenure area. In fact, he stated that the employer planned to transfer her to one of these positions and advised her that she would be teaching something in the fall, but was not sure of the subject area. Inasmuch as claimant nevertheless submitted her resignation, substantial evidence supports the Board's finding that she voluntarily left her employment without good cause. Moreover, inasmuch as claimant indicated in her application for benefits that she lost her employment due to a lack of work, when the employer had assured her of continued employment, substantial evidence also supports the finding that she made a willful misrepresentation to obtain benefits (*see Matter of Standford [Commissioner of Labor]*, 54 AD3d 1095, 1096 [2008]; *Matter of Peters [Commissioner of Labor]*, 42 AD3d 615, 616 [2007]).

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.