■ In the Matter of PATRICIA KEANE, Appellant. COMMISSIONER OF LABOR, Respondent. [940 NYS2d 352]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In October 2009, claimant, a sales associate for a retail store,

was advised by her union that the employer was dissatisfied with her job performance because she was frequently away from the sales floor. Claimant testified that a union representative told her that she could look into a medical leave of absence, resign and receive a severance package, or be fired. Although the employer had not taken the steps required by claimant's collective bargaining agreement to begin the process of terminating her, claimant decided to seek a severance package and, as a condition thereof, agreed to voluntarily resign from her job, effective November 27, 2009. Claimant subsequently filed a claim for unemployment insurance benefits, and the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because she voluntarily left her employment without good cause. This appeal followed.

We affirm. "Voluntarily separating from one's employment to accept a severance or early retirement package when continuing work remains available has been held not to constitute good cause for leaving employment" (*Matter of Lucht [Commissioner of Labor]*, 49 AD3d 1048, 1049 [2008]; *see Matter of Cammisa [Commissioner of Labor]*, 38 AD3d 1146 [2007]). Here, claimant testified that she was capable of working, had not been threatened by her employer and had not been advised by a physician to leave her job. Even if claimant quit because she assumed that she might be terminated in the future, leaving a job in anticipation of discharge is not considered to be a departure for good cause under these circumstances (*see Matter of Carcaterra [Association for Computing Mach., Inc.—Commissioner of Labor]*, 90 AD3d 1389, 1390 [2011]). Inasmuch as there is substantial evidence supporting the Board's ruling, it will not be disturbed (*see Matter of Cammisa [Commissioner of Labor]*, 38 AD3d at 1146).

The remaining contentions advanced by claimant and not specifically addressed above have been examined and found to be unpersuasive.

Mercure, A.P.J., Rose, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.