■ In the Matter of the Claim of DAVID N. THESING, Appellant. EASTMAN KODAK COMPANY, Respondent; COMMISSIONER OF LABOR, Respondent. [973 NYS2d 895]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant had worked for the employer for 35 years when, in order to downsize claimant's department, the employer instituted a voluntary separation package. Claimant was informed that if a sufficient number of employees did not accept the package, the remainder of the targeted reduction would then be accomplished by involuntary separation. Although aware that any employees affected by the involuntary reduction would receive the same benefit package as those accepting the voluntary separation package, and that there was still work available with the employer, claimant accepted the voluntary separation package. The Unemployment Insurance Appeal Board subsequently ruled that claimant voluntarily left his employment without good cause and was therefore disqualified from receiving unemployment insurance benefits. This appeal ensued.

We affirm. "Voluntary separation from employment in order to accept an early retirement or separation incentive package when, as here, continuing work is available has been held not to constitute good cause for leaving employment" (*Matter of Willis [Commissioner of Labor]*, 98 AD3d 1182, 1182 [2012] [citations omitted]; *see Matter of Rubscha [Commissioner of Labor]*, 105 AD3d 1217, 1218 [2013]). Although claimant testified that he accepted the separation package out of fear of losing his job, claimant was never informed that he was going to be laid off

during the work force reduction and, in any event, he was told that those that were to be laid off would receive the same benefits package as those that accepted the voluntary separation (*see Matter of Rubscha [Commissioner of Labor]*, 105 AD3d at 1218). Further, leaving employment in the anticipation of losing one's job in the future is not a departure for good cause (*see Matter of Keane [Commissioner of Labor]*, 93 AD3d 1002, 1003 [2012], *lv denied* 20 NY3d 854 [2012]). Under these circumstances, the Board's determination was supported by substantial evidence and will not be disturbed (*see Matter of Willis [Commissioner of Labor]*, 98 AD3d at 1182, *Matter of Cammisa [Commissioner of Labor]*, 38 AD3d 1146, 1146 [2007]).

Rose, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.