Matter of Demarco (Commissioner of Labor) (2022 NY Slip Op 07116)

Matter of Demarco (Commissioner of Labor)

2022 NY Slip Op 07116

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534624
[*1]In the Matter of the Claim of Arnold Demarco Jr., Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 10, 2022

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

John A. Cimino, Albany, for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 21, 2021, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
As a result of the COVID-19 pandemic, claimant's employer reduced its in-office workforce in March 2020 and instructed those working in claimant's department to work from home. That same month, claimant was granted a 30-day pandemic sick leave based upon his heightened risk of contracting COVID-19. After adopting various safety measures, the employer informed claimant and his coworkers that they would need to return to the office beginning August 3, 2020. Instead of returning to the office, claimant opted to take advantage of a retirement incentive offered by the employer and retired effective August 17, 2020. Claimant's subsequent application for unemployment insurance benefits was denied upon the ground that he voluntarily left his employment without good cause. Following a hearing, the Administrative Law Judge overruled the initial determination, finding that claimant's voluntary separation from employment was with good cause. The employer appealed to the Unemployment Insurance Appeal Board, which reversed the decision and determined that claimant was disqualified from receiving benefits. Claimant appeals.
"Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1457 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Trezza [Commissioner of Labor], 197 AD3d 1460, 1460 [3d Dept 2021]). "Objections to the environmental conditions in the workplace will not constitute good cause for leaving employment unless the claimant can show reasonable grounds for the perception that his or her personal safety or health would be endangered thereby" (Matter of Trezza [Commissioner of Labor], 197 AD3d at 1460-1461 [internal quotation marks, brackets and citations omitted]).
Initially, we note that claimant contends that high-efficiency particulate air filters were necessary to ensure a safe workplace. He made this assertion and request repeatedly, including at several points during his testimony at the hearing. In response, the employer's representative identified other workplace safety initiatives that had been undertaken, but failed to address this concern; there was some indication in the record that an order for such filters had been placed, but no showing that they had been received or installed at the time the employees were required to return. There was no scientific evidence produced by either party revealing whether the workplace safety steps undertaken were appropriate or sufficient.
Notably, however, the uncontroverted testimony of the employer's representative [*2]established that claimant had at least one form of leave available to him at the time of his retirement, which would have permitted his absence from the office for up to 12 weeks. "Voluntary separation from employment in order to accept an early retirement or separation incentive package when . . . continuing work is available has been held not to constitute good cause for leaving employment" (Matter of Thesing [Eastman Kodak Co.-Commissioner of Labor], 111 AD3d 1015, 1015 [3d Dept 2013] [internal quotation marks and citations omitted]; see Matter of Rubscha [Commissioner of Labor], 105 AD3d 1217, 1218 [3d Dept 2013]; Matter of Keane [Commissioner of Labor], 93 AD3d 1002, 1003 [3d Dept 2012], lv denied 20 NY3d 854 [2012]). Here, rather than opting to take advantage of the available leave, and thus potentially allowing additional time for the employer to obtain and install the air filters that claimant had requested, claimant took advantage of an incentive offered by the employer and chose to retire. Accordingly, we discern no basis to reverse the Board's determination that claimant's voluntary separation from employment was without good cause. Claimant's remaining arguments, to the extent not addressed, have been reviewed and are without merit.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.